## HERRINGTON *v.* BAIRD.

Recommittal to an auditor of a case which he reports that he has dismissed is no final judgment on which a writ of error lies.

No. 5632. JUNE 20, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. June 12, 1926.

*George & John L. Westmoreland,* for plaintiff in error.

*R. O. Lovett* and *James E. Garst,* contra.

HILL, J. Mrs. Lula Baird brought a petition against A. P. Herrington as executor, for an equitable accounting; and the case was referred to an auditor. On the hearing before the auditor the plaintiff amended her petition and struck all allegations that the defendant was the duly qualified executor of J. C. Baird, and that all of his acts for and concerning the estate of J. C. Baird were without legal authority and void. On motion of counsel for the defendant the auditor dismissed the case, on the ground that plaintiff had changed her cause of action by this amendment. The auditor subsequently made his report to the court, stating that he had dismissed the case for the foregoing reason. On motion of plaintiff's counsel the case was recommitted to the auditor by the court. To this judgment the defendant excepted.

The judgment recommitting the case is not a final judgment of the court, and therefore the writ of error must be and is dismissed. Civil Code (1910), § 6138. The action of the auditor in dismissing the case without the approval of the court would not of itself operate to dismiss the case, and can not be held to be a final disposition of the cause, or final as to some material party thereto.      *Writ of error dismissed. All the Justices concur.*