JOHN RAFFAELLE, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE MADISON COAL CORPORATION, Defendant in Error.)

*Opinion filed June 22, 1927.*

1. WORKMEN'S COMPENSATION—*Industrial Commission is an administrative and not a judicial body.* The Industrial Commission is an administrative body and its decisions are not judicial acts, though they are subject to review by the circuit court in the manner provided in the Compensation act.

2. SAME—*judgment of circuit court remanding cause for further proceedings is interlocutory.* A judgment of the circuit court remanding the cause to the Industrial Commission for further action by the commission is interlocutory and not a final judgment which may be reviewed by writ of error.

3. SAME—*when Supreme Court may consider a case on merits although commission has not followed directions of circuit court upon remandment.* While the Industrial Commission in its action after remandment of a cause is bound to follow the directions of the circuit court the Supreme Court is not bound by such directions, and where the commission, instead of making a determination of the period of temporary total disability as directed, hears further evidence and makes a finding of permanent total disability, which the circuit court, on a second review, sets aside with a finding of temporary disability, the Supreme Court is not concluded by the judgment of the circuit court but may determine the questions of law and fact according to its own judgment.

4. SAME—*when an application for compensation is sufficient.* While an application for compensation should be consistent with

the findings of the commission, it is not to be treated as a pleading in a judicial proceeding and need not state all the elements of a cause of action, and it is sufficient if it states the nature of the accident and the character of the injury so fully as to fairly apprise the employer of the nature of the claim and enable him to ascertain the facts and prepare to meet it.

5. SAME—*evidence need not be confined to allegations of application.* The hearing of an application for compensation is informal, and while the rules respecting the admission of evidence and the burden of proof are the same as prevail in a common law action for personal injury, the evidence is not necessarily confined to the allegations of the application but may extend to a full development of the facts of the accident and the nature and extent of the injury.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding.

W. J. MACDONALD, (A. W. KERR, of counsel,) for plaintiff in error.

C. W. BURTON, for defendant in error.

Per CURIAM: While taking down top coal in the mine of defendant in error December 6, 1921, John Raffaelle was injured by being struck in the right eye by a piece of coal flying from the pick which he was using. Dr. E. C. Spitze treated the eye until February 16, 1922, when it became necessary to remove the eye-ball, and it was removed. Raffaelle filed his claim for compensation with the Industrial Commission, and an arbitrator awarded him $15 a week for 13-5/7 weeks for temporary total disability and $15 a week for 25 weeks, under paragraph (e) of section 8, for permanent and complete loss of twenty-five per cent of the use of the right eye. Upon his petition the cause was reviewed by the commission, which awarded $15 a week for an additional period of 15 weeks upon the finding that the accident resulted in permanent and complete loss of forty per cent of the use of his right eye. He removed the

case to the circuit court of Madison county, where the finding was confirmed except as to the award for temporary disability, and as to this point the case was remanded for further hearing. Upon remandment further evidence was heard, and the commission made an award of $15 a week for 266⅔ weeks and thereafter a pension of $26.66 a month on the ground that the injury rendered plaintiff in error wholly and permanently incapable of work. Defendant in error then sued out of the circuit court a writ of *certiorari,* and that court, on hearing, set aside the award, and, finding that the facts were fully recited and preserved in the record, awarded $15 a week for 13-5/7 weeks for temporary total incapacity for work and $15 a week for 40 weeks, as provided in paragraph (*e*) of section 8, for permanent and complete loss of forty per cent of the use of the right eye. Leave being granted, Raffaelle has sued out a writ of error to review the record.

Plaintiff in error contends that the injury caused not only the loss of the right eye but left an infected socket, which caused dizziness and physical disability preventing plaintiff in error from working; that following the injury to the right eye the sight of the left eye failed until plaintiff in error is practically blind, and that the infection of the right eye-socket was the cause of the failure of sight in the left eye. It is contended that the complete loss of the use of both eyes is the result of the injury, and that the award of the commission for permanent and total disability was therefore right.

The evidence leaves no doubt that for all practical purposes plaintiff in error has lost the sight of both eyes. The loss of the use of the right eye is total and the left eye has a vision of about 3/200, which is sufficient to enable him to see large objects close at hand but not sufficient for his work as a miner. But plaintiff in error had the burden of showing not only the existence of this condition but also that the condition was the result of his injury. Dr. Spitze

treated him from November 28, 1913, to May, 1914, for
traumatic ulcer on the cornea of the right eye. Febru-
ary 8, 1914, he had a 3/100 vision in his right eye. He
went to work after his recovery from that injury and
Dr. Spitze saw him no more until September, 1921, when
Raffaelle came to him with another ulcer in the same eye,
which appeared after it had been struck by a foreign body.
He treated him for that injury until December 3, when the
vision in his right eye was practically only light perception.
The doctor had no record of his vision from February 8,
1914, to December 6, 1921, but there was not sufficient
sight in his right eye for industrial use. He was just re-
covering from the ulcer for which he had been treated since
September when he was injured again, and as a result the
eye became much inflamed and somewhat swollen. He
treated the eye until February, when it was removed. After
the eye had been removed from the socket there was some
purulent discharge, which was due to infection in the
socket, and this continued to the time of the last hearing.
Plaintiff in error testified that before September, 1921, he
had no trouble with his right eye but after September coal
dust got into the eye and it became sore. Dr. Spitze told
him that he could work the last week in October. He told
him to go to work and come back three or four weeks later.
On the last Sunday in November he went to see the doctor
to ascertain whether his eye was well and the next week
he was hurt again. Before he was hurt December 6, 1921,
he had had no trouble with his left eye.

Dr. K. F. Ebert testified for plaintiff in error that he
examined him September 17, 1923, and made about eight
examinations after that date; that the examinations showed
atrophy of the optic nerve in the left eye, which appeared
to be of long standing. At the direction of Dr. Ebert plain-
tiff in error underwent an examination by an internist and
several Wasserman tests, all of which proved negative in
so far as a cause for the atrophy was concerned. When

asked what his opinion was as to the cause of the atrophy and the irritation of the left eye he said it might possibly be due to sympathetic irritation from the other; that, assuming that there was a good vision in the left eye previous to the injury and removal of the right eye and that since that time his vision had begun to fail until it was as found at the first examination, the condition could be due to such a sympathetic irritation. In the doctor's opinion the condition of both eyes was permanent. He attributed the reduction of the left eye vision to nerve atrophy, which from his examinations he thought was of long standing.

The first finding of the commission and the finding of the circuit court that the total permanent loss due to the accident of December 6, 1921, was a loss of forty per cent of the vision of the right eye are not supported by the record. There is substantial evidence tending to show that the loss of vision in the right eye is due to earlier injuries and that in the left eye is traceable to the last injury. At least the evidence shows an existing cause for the condition of the left eye and no other cause for the loss of vision is established. This being true, the circuit court was in error in confirming the first award of the commission.

Defendant in error contends, however, that under the remanding order of the circuit court the commission was without jurisdiction to take any action except as directed by the order of the circuit court, and, the commission having re-opened the entire case and made an award for permanent total disability, the judgment of the circuit court setting aside that award was proper. Section 19, paragraph (f), clause 2, provides that the court may confirm or set aside the decision of the commission, and if the decision be set aside and the facts found in the proceedings before the commission be sufficient the court may enter such decision as is justified by law, or, if the record be not in such condition, it may remand the cause to the commission for further proceedings, and may state the questions re-

quiring further hearing and give such other instructions as may be proper. The Industrial Commission is an administrative body and its decisions are not judicial acts, though they are subject to review by the circuit court in the manner provided by the Workmen's Compensation act. A judgment of the circuit court remanding the cause to the Industrial Commission for further action by the commission is interlocutory and not a final judgment which may be reviewed by writ of error. In its action after the remandment of a cause the commission is bound to follow the directions of the circuit court, but this court is not bound by such directions, and in reviewing the action of the circuit court will determine the questions of law and fact involved according to its own judgment. When the cause was remanded the commission had jurisdiction of the cause to the same extent as before its first award, though it was bound by the rules of law announced and the directions given by the judgment of the circuit court. On the second hearing the court set aside the award, which was based on a finding of permanent total disability and re-instated the award of the commission made on the first hearing. We are not concluded by that judgment. If we were, plaintiff in error would be deprived of any right to review the judgment of the circuit court that his disability is less than total. He could not have the first judgment of the circuit court reviewed because it was interlocutory, only, and if he be bound by the second judgment he will have had no opportunity whatever to have the judgment of the circuit court on that question reviewed.

The application of the plaintiff in error was on a form designed for use in any case, and in it the nature of the work in which the injured person was engaged at the time of the accident and the manner in which it was caused were stated, "Loading coal—right eye struck by piece of coal." The spaces intended for the amount of compensation claimed were all left blank except for the item, "4. Ad-

ditional amount claimed as compensation," which was followed by the words, "Specific loss." The petition named no amount and specified no other loss. It has been held that while the application should be consistent with the findings of the commission it is not to be treated as a pleading in a judicial proceeding and need not state all the elements of a cause of action. It is sufficient if it states the nature of the accident and the character of the injury so fully as to fairly apprise the employer of the nature of the claim and enable him to ascertain the facts and prepare to meet it. (*Consolidated Coal Co.* v. *Industrial Com.* 320 Ill. 281; *Merritt* v. *Industrial Com.* 322 id. 160.) The specification of the nature of the accident and the character of the injury was sufficient to advise the employer of the nature of the claim and enable him to ascertain the facts and to entitle plaintiff in error to compensation for whatever injury actually resulted from the accident. It may be impossible to ascertain until long after the accident the extent of the injury or the degree of disability which it will cause. The hearing is informal, and while the rules respecting the admission of evidence and the burden of proof are the same as prevail in a common law action for personal injury, the evidence is not necessarily confined to the allegations of the application but may extend to a full development of the facts of the accident and the nature and extent of the injury.

The order is reversed and the cause remanded to the circuit court, with directions to remand it to the commission for a rehearing, each party to have the privilege of presenting further evidence on any question.

*Reversed and remanded, with directions.*