19844. DAVIS v. ÆTNA LIFE INSURANCE COMPANY et al.

STEPHENS, J. 1. A judgment of the industrial commission denying compensation is an "award" in the sense in which this word is used in section 45 of the workmen's compensation act, which provides for a review of an award made by the industrial commission, by "any party in interest, on the ground of a change in condition." Ga. L. 1920, pp. 167, 191. It follows that any award of the industrial commission whereby compensation is denied may be reviewed at the instance of the employee on the ground of a change in condition, and compensation be awarded. See, in this connection, *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851); *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880).

2. A finding by the industrial commission, that certain injuries complained of by a claimant for compensation were not the result of the accident upon which the claim for compensation is predicated, is not an adjudication against the right of the claimant to compensation for other physical injuries that may thereafter appear and develop and which proximately resulted from the same accident. This ruling is clearly distinguishable from that in *Gravitt* v. *Ga. Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897).

3. A finding of fact, on a hearing before the industrial commission, that the claimant was not permanently injured as a result of the accident upon which the claim for compensation was predicated, that the accident produced only superficial wounds on the head, and that certain painful conditions in the back and in the ear, complained of by the claimant, were not produced by the wounds on the head, and therefore were not the result of the accident upon which the claim for compensation was predicated, and that the claimant had recovered from the injuries resulting from the accident, where the only issue presented for determination as respects any injuries proximately resulting from the

114

accident was as to the pains in the head and pains in the back and in the ear, amounts to an adjudication only that the specific injuries complained of and which were the *only* ones inquired about were not caused by the accident, and does not constitute an adjudication that an after-developed condition of the claimant, wherein he suffers from a nervous disorder, has spells of unconsciousness, a fungus growth in the ear, and an intercranial pressure on the brain which an x-ray examination has disclosed, was not caused by the accident.

4. The award of the industrial commission, granting compensation to the claimant for the injuries which developed after the former hearing by the commission, is not contrary to law by reason of any matter adjudicated in the judgment of the commission on the former hearing.

5. The evidence adduced before the commission authorized a finding that the injuries complained of proximately resulted from the accident to the claimant and arose out of and in the course of the claimant's employment, and that the claimant had suffered a partial disability therefrom, entitling him to compensation from the date of the injury in the weekly amount found by the commission. The claimant, under section 31 of the workmen's compensation act, is entitled to compensation for a partial disability from the date of the injury; but it appearing from the record in this case that, prior to the former judgment denying compensation, the claimant had been paid compensation for a period of two weeks, the award of the industrial commission now excepted to, awarding compensation to commence from the date when the compensation which had been paid to the claimant was discontinued, was correct.

6. The superior court therefore erred in sustaining the appeal from the award brought by the employer and the insurance carrier. Since as provided by section 31 of the workmen's compensation act (Ga. L. 1920, pp. 167, 183), no award for a partial disability can extend beyond a period of three hundred weeks, the award, in so far as it awards compensation for three hundred and fifty weeks, is erroneous in that it awards compensation for a period beyond that authorized by the statute. Direction is given, that, upon an affirmance of the award by the superior court, the court modify the award and order that compensation, at the weekly rate awarded by the commission, be for a period of three hundred weeks from the date of the injury, or until such time when the award may be afterwards modified as provided by law.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 13, 1930.

*J. E. Thrift,* for plaintiff.
*Bryan & Middlebrooks, O. W. Russell,* for defendants.