(No. 19504.—)

ZECHARIAH COOKE, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE GROVELAND COAL MINING COMPANY, Defendant in Error.)

*Opinion filed June 20, 1930—Rehearing denied October 8, 1930.*

THOMAS A. MURPHY, for plaintiff in error.

JOHN E. CASSIDY, for defendant in error.

OSCAR E. CARLSTROM, Attorney General, and HARLINGTON WOOD, for the Industrial Commission.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, Zechariah Cooke, filed a petition for compensation under the Workmen's Compensation act on account of injuries alleged to have been received on Octo-

ber 21, 1922, while in the employ of defendant in error, the Groveland Coal Mining Company, of which John E. Cassidy was the attorney. There was a hearing before an arbitrator, and on June 2, 1923, an award was filed in favor of plaintiff in error. A copy of the award was sent to the parties on June 13, 1923, by registered mail. A registered post-office receipt signed by John E. Cassidy, by Julia Farley, was returned to the Industrial Commission and was dated June 14, 1923. On June 30, 1923, a petition for review was filed by defendant in error. On August 9, 1923, a motion was made by plaintiff in error to dismiss the petition for review on the ground that it was not filed within fifteen days of the receipt of the copy of the award by defendant in error, as provided by statute, therefore the Industrial Commission was without jurisdiction to further consider the case. The petition was set for hearing at the court house in Peoria on December 10, 1923, when plaintiff in error entered a limited appearance and offered in evidence a certificate of the secretary of the Industrial Commission showing that the registered post-office receipt attached to the certificate was a true copy of the registered receipt card on file with the Industrial Commission, which showed that the copy of the award was received by the attorney for defendant in error on June 14, 1923. The case was continued, to be re-set in Chicago for the purpose of taking testimony of the employees of the commission on the question as to when the copy of the award was received by defendant in error. There was no hearing in Chicago, but the matter was set for hearing on February 13, 1924, at the court house in Peoria. This hearing consisted of a conference between the attorneys and the commissioner hearing the case, in which the latter indicated that the commission would take judicial notice of the contents of its records, which showed that the petition for review had been filed more than fifteen days after notice of the award was received by defendant in error. On March 19, 1924, the

commission entered an order dismissing the petition for want of jurisdiction. Defendant in error sued out a writ of *certiorari* from the circuit court of Peoria county, and that court entered an order on May 14, 1925, directing the commission to proceed to review the decision of the arbitrator in conformity with the statute. The commission set the case for hearing on May 6, 1926, at Peoria. The hearing was continued so that plaintiff in error could take the depositions of certain employees of the commission. Before the matter was re-set in accordance with the order a writ of *mandamus* was issued out of the circuit court of Peoria county ordering the commission to set a date for a hearing at the court house in Peoria to review the award and the evidence taken before the arbitrator, to hear such additional evidence as might be offered by either party, and to enter the decision of the commission. On August 19, 1926, the depositions of certain employees of the Industrial Commission were taken and filed with the commission, and the commission set the hearing at the court house in Peoria for September 29, 1926, at which time, in support of his motion to dismiss, plaintiff in error offered the depositions and asked leave to read them in evidence. An objection to the offer was sustained, but the commissioner permitted the depositions to become a part of the record as an offer of proof. On September 29, 1926, the commission entered an order reducing the amount of compensation awarded. Plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county, and on January 2, 1929, the court quashed the writ, confirmed the award of the commission, and the case comes to this court upon a writ of error.

Plaintiff in error contends that the commission should have admitted the depositions in evidence, which showed that defendant in error had notice of the award of the arbitrator more than fifteen days before the filing of the petition for review, and that the petition for review should have been dismissed.

Paragraph (*b*) of section 19 of the Workmen's Compensation act provides that the decision of the arbitrator shall be filed with the Industrial Commission, which shall immediately send to each party, or his attorney, a copy of such decision, together with a notification of the time when it was filed, and unless a petition for review is filed by either party within fifteen days after receipt by said party of a copy of the decision and notification of the time when filed, the decision shall become the decision of the Industrial Commission and in the absence of fraud shall be conclusive. Paragraph (*i*) of section 19 provides that each party, upon taking any proceeding or steps whatsoever before any arbitrator, shall file with the commission his address, or the name and address of any agent upon whom all notices to be given to such party shall be served, either personally, or by registered mail addressed to such party or agent at the last address so filed with the commission, provided that in the event that such party has not filed his address or the name and address of an agent, as above provided, service of any notice may be had by filing such notice with the Industrial Commission.

It has been held by this court that the right to review the decision of the arbitrator by the Industrial Commission is entirely statutory and the party desiring the review must follow the statute strictly. *Benton Coal Mining Co.* v. *Industrial Com.* 321 Ill. 208; *Gould Construction Co.* v. *Industrial Com.* 311 id. 472; *Gregory* v. *Industrial Com.* 310 id. 409; *Oelsner* v. *Industrial Com.* 305 id. 158.

The substance of the evidence contained in the depositions was, that after the award of the arbitrator was written it was put in an addressed envelope, which was put in a basket; that the mailing clerk of the Industrial Commission gave each award a registered number furnished by the post-office, which number was placed on the envelope and on the registered return card, and the envelope, with the award, was deposited in the post-office by a messenger;

that the registered article No. 874,765 was the envelope containing the decision of the arbitrator, and was mailed to J. E. Cassidy, Peoria, Illinois, on June 13, 1923, together with the registered return receipt, which was returned to the commission and bears the signatures of John E. Cassidy and of Julia Farley, his agent, and is dated June 14, 1923.

No claim is made by defendant in error that the notice of the award was sent to the wrong address. The evidence shows that the notice was sent to defendant in error in the manner provided by statute, at the address given by defendant in error to the Industrial Commission. Proof of the mailing of the notice, addressed to defendant in error at the address specified, was *prima facie* evidence that defendant in error received the notice in due course of mail. (*Keogh* v. *Peck,* 316 Ill. 318.) No evidence was offered by defendant in error to contradict the showing made by plaintiff in error. Regardless of the questions of the contents and admissibility of the depositions the evidence was sufficient to show that the notice of review was not filed within fifteen days of the date on which the defendant in error received the notice of the award. The filing of the petition for review by defendant in error with the Industrial Commission within fifteen days of the receipt of the award was jurisdictional as far as any further review by the Industrial Commission was concerned. Without such petition being filed within the time provided by statute the Industrial Commission was without jurisdiction to review the award. The judgment of the circuit court of Peoria county in the *certiorari* proceeding, remanding the cause to the Industrial Commission for further proceedings in accordance with the order, was an interlocutory judgment. It was not reviewable by writ of error, and this court is not bound by the directions of the circuit court. (*Raffaelle* v. *Industrial Com.* 326 Ill. 166.) The circuit court of Peoria county by *mandamus* could not vest the Industrial Com-

mission with jurisdiction to review the award of the arbitrator after jurisdiction had been lost on account of the failure of defendant in error to file the petition for review within the fifteen days, as provided by statute.

The judgment of the circuit court of Cook county affirming the award of the Industrial Commission will be reversed and the cause will be remanded to the circuit court of Cook county, with directions to confirm the award of the arbitrator.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*