*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

## 22985.   WOODRUFF v. MILLER.

DECIDED JANUARY 24, 1934.

*G. A. Johns,* for plaintiff in error.

*Fred A. Gillen, Shackelford & Shackelford, E. W. Roberts,* contra.

JENKINS, P. J. "When the superior court, in reviewing the findings of the Industrial Commission [now the Department of Industrial Relations], recommits the controversy to the commission for further hearing or proceedings, it is essential that the judgment be accompanied by an opinion directing the attention of the commission to the precise errors to be cured or the precise deficiencies to be supplied upon a reconsideration of the case by the commission." *Austin Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (3), 568 (121 S. E. 345); Ga. L. 1920, p. 167. Where on appeal the superior court recommits such a case to the Department of Industrial Relations for a further hearing, with specific instructions as to the scope and character of the new hearing, this judgment confines the department, upon another hearing of the case, to a determination

of the questions as directed by the court; and where the original judgment of the superior court giving such instructions is not excepted to, it is the law of the case, and the correctness of the decision upon the questions determined therein can not be attacked by ·exceptions to a subsequent judgment of the superior court affirming an award by the Department of Industrial Relations made in accordance with the court's previous decision and directions. See *Interstate Tel. Co.* v. *Holt,* 45 *Ga. App.* 85 (2) (163 S. E. 234). Accordingly, in the instant case, the superior court having in effect affirmed the award in favor of the claimant, but having remanded the case to the department upon one question alone,—as to whether the department's physician, in his testimony mentioning an "old fracture," intended to refer to the injury in question or to a prior one, and for an award upon the record under such additional testimony bearing solely upon the cause of total disability of the claimant's leg,—and no writ of error having been taken by either the claimant or the employer to review such original judgment of the superior court, it became the law of the case, and limited the powers and scope of the department in the rehearing and award made in accordance with such decision. The department, therefore, did not err in refusing to widen the field of its investigation, and to admit further testimony on the merits of the case upon motion of the employer. The previous findings in favor of the claimant on the employer's contentions that he was only engaged in farming, and that the claimant was an independent contractor, having been in effect approved by the superior court, without exception by the employer, can not be now assigned as error. The department's final award, under the testimony taken in compliance with the prior judgment of the superior court, being fully supported by evidence that the claimant's disability was due entirely to the injury in question, and not to a prior accident, the superior court did not err in approving the award of compensation as made to the claimant.

2. The former judgment of the superior court was likewise the law of the case against the claimant employee, in its award of attorney's fees and doctor's bills and its restriction upon the powers of the Department of Industrial Relations in further proceedings. It in effect approved the previous award of a $250 attorney's fee and a $31 doctor's bill. In remanding the cause to the department for

a final award in the light of the record and the limited new testimony to be taken, it did not authorize a reinvestigation of attorney's fees or the award of an additional attorney's fee of $100 by reason of the increased litigation caused by the remand of the case upon the appeal of the employer. The order did not leave the case open for an allowance of an increased attorney's fee any more than it did for a reduction of such fee. The allowance of an attorney's fee under the statute is not based upon the theory of the employer being stubbornly litigious, but is a penalty for his failure to comply with the requirements of the law with reference to taking out compensation insurance. §§ 66, 67. This fee having been once fixed, the order remanding the case for the specific and limited purpose stated did not permit a reconsideration by the department of the amount previously awarded, any more than it permitted a reinvestigation of other various and sundry questions previously adjudicated. The increase of the $31 doctor's bill to $33, while de minimis, also appears to have been made by inadvertence, and is not supported by evidence. These erroneous sums in the total amount of $102 should be eliminated from the award. The judgment will be affirmed, with direction that it be amended to accord with this decision.

*Judgment affirmed, with direction. Stephens and Sutton, JJ., concur.*