Zechariah Cooke, Appellee, v. Groveland Coal Mining Company et al., Appellants.

Gen. No. 8,565.

Opinion filed August 28, 1934.

BARTLEY & YOUNGE, for appellants.

HERGET & HOFFMAN, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

Appellee filed his petition for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, on account of injuries alleged to have been received while in the employ of the Groveland Coal Mining Company. There was a hearing before an arbitrator, which resulted in an award in favor of appellee for the sum of $17 per week for a period of 382 5/7 weeks. Appellant company filed its petition with the industrial commission for a review of the award, which petition was dismissed by said commission on the ground that it was not filed within 15 days of the receipt of the copy of the award, as provided by statute. The appellant company thereafter sued out a writ of certiorari from the circuit court of Peoria county, and the appellant company together with Charles D. Off and Walter Off, filed a bond in the sum of $6,500, which bond recited the fact of the award in favor of appellee herein and against the appellant company as above set out, and containing the condition as provided by statute, that if they should not successfully prosecute said writ, they would pay the award and the costs of the proceedings in said court. The circuit court remanded the case to the industrial commission to take further evidence. The commission thereafter entered its order reducing the amount of compensation awarded, whereupon appellee herein by due legal steps prosecuted the case to the Supreme Court of Illinois, which court in the case of *Cooke v. Industrial Commission,* 340 Ill. 309, confirmed the award of the arbitrator for the sum of $17 per week for 382 5/7 weeks.

The award not being paid, appellee brought this suit in the circuit court of Peoria county, upon the above bond as given by the appellants. This cause was heard by the court and judgment was rendered against appel-

lants for the sum of $6,500, from which judgment they prosecute this appeal.

It is urged by appellants as their sole contention for reversal that the condition of the bond in question was satisfied by the successful prosecution of the certiorari proceedings instituted by them in the circuit court of Peoria county, as aforesaid. That proceeding in nowise was terminated by a final judgment. The circuit court remanded the cause to the industrial commission for the taking of additional testimony. That court did not change the award in any way. Such order was merely interlocutory and not subject to review by the Supreme Court. *Dunavan v. Industrial Commission,* 355 Ill. 444.

The statute provides that such bond shall operate as a stay of the judgment or order of the circuit court until the time shall have passed within which an application for a writ of error can be made and until the Supreme Court has acted upon the application for a writ of error, if such application is made. And further, that if the Supreme Court grants a writ of error, then until the matter is finally determined by that court. (Part 2 of par. f. of sec. 19, of the Act, Cahill's St. ch. 48, ¶ 219.)

It has been expressly held that an employer's bond given upon suing out a writ of certiorari is security for the award until the case is finally determined. *Giertz v. Snyder,* 302 Ill. 618. The bond which the employer is required to give under the Compensation Act before prosecuting a writ of certiorari to review an award in the circuit court is to protect the employee until the final adjudication of the rights of the parties, and although the writ of certiorari is prosecuted successfully in the circuit court, the bond remains security for the payment of the award until the expiration of the time for application for a writ of error to the Supreme Court, or, if such application is made, until

after the Supreme Court has decided the case. *Giertz v. Snyder, supra.*

The contention made herein by appellants that their writ of certiorari was successfully prosecuted in the circuit court of Peoria county is without merit. As seen above, the order made therein by the circuit court was interlocutory. The rights of the parties were in no way determined thereby and the outcome of such writ of certiorari was in nowise a final adjudication of the matter. The bond given by appellants was conditioned upon the successful prosecution of their writ, which meant a final judicial determination favorable to them. The cause might not have been prosecuted to final determination in the Supreme Court, and in such instance, a judgment in favor of appellants by an inferior tribunal would have become final. However, this cause was prosecuted to the Supreme Court, and by it decided in favor of the plaintiff in error therein, who is appellee in this case.

Only one injury was involved in this action and but one claim therefor made by appellee. Only one hearing was had upon appellee's petition before the arbitrator. The sum of money in dispute between the parties was the award of the arbitrator. The employer on the one hand was endeavoring to defeat this award in part or *in toto,* and the petitioner therein was endeavoring to sustain the award. It is true that after the cause was remanded to the industrial commission by the circuit court for further evidence, the commission thereafter rendered its decision reducing the amount awarded by the arbitrator, but this action of the commission was resisted by appellee, and he was successful in setting aside such reduced award and having the award as originally fixed by the arbitrator confirmed by the Supreme Court. Each legal act taken after the award of the arbitrator herein was either to defeat the award or to sustain it. The appellants gave

bond conditioned upon the successful prosecution of their proceedings to resist such award. The injured employee had the same right to appeal to the courts to sustain his award, as the employer had to resist it.

The bond given in this case is intended under the statute to remain in full force and effect until the final determination of the litigation between the parties over the matter involved. The matter involved was the award of the arbitrator and it was upon that award that the bond was given. As seen above, it was effective and operative under the statute as a stay of the judgment or order of the circuit court, until expiration of the time within which an application for writ of error could be made in the Supreme Court, and if such application was filed, then as a stay of judgment until such court should act thereon. It is apparent that it is not only the legislative intent that such bond shall remain in force and effect until writ of error can be prosecuted by either party to the Supreme Court, but such has been the holding of that court, as evidenced from the above authorities.

Another case dealing with this question is that of *Nierman v. Industrial Commission,* 329 Ill. 623, wherein the court on page 626 of its opinion, with reference to the question of the bond given by the employer continuing until the final determination of the case, states: "The legislative intention is that the employee shall be protected by the bond." This being the law, the employee could not be protected by the bond if the same became satisfied by an erroneous judgment of the circuit court. It is thus manifest that under the contention urged by appellants, an erroneous decision by the circuit court in favor of the employer would defeat the purpose and effect of a bond, even though the employee should by subsequent proceedings in the Supreme Court secure a confirmation of the award as originally made.

Neither the award of the arbitrator, the decision of the industrial commission, nor the judgment of a circuit court in certiorari proceedings, are final adjudications, unless permitted to become so by the parties. When either party prosecutes the case to the Supreme Court, then and not until then, can it be said that the case has been finally determined. The bond to be given by the employer upon instituting certiorari proceedings in the circuit court being intended to protect the employee, therefore it must remain in full force and effect until the final adjudication of the cause by the Supreme Court, or until the time provided for a submission thereof has elapsed. To hold otherwise would be to destroy the very purpose for the giving of such bond.

Two conditions exist in this case to defeat the contention made by appellants. First, they obtained no final adjudication of this matter upon their certiorari proceeding before the circuit court of Peoria county. Second, the bond given by appellants in this proceeding is held to be security for the award resisted by the employer, until the case is finally determined. This case was finally determined by the Supreme Court in confirming the award of the arbitrator, as originally made.

The judgment of the circuit court of Peoria county is affirmed.

*Judgment affirmed.*