## 25654. KING *v.* WESTERN UNION TELEGRAPH COMPANY.

DECIDED OCTOBER 19, 1936.

*W. B. Mebane*, for plaintiff. *Wright & Covington*, for defendant.

SUTTON, J. King, an employee of the Western Union Telegraph Company, while riding a motorcycle of his employer, received an injury disabling him. He filed a claim for compensation with the Department of Industrial Relations, and from an award find-

ing in the claimant's favor the telegraph company appealed to the superior court. That court found "that the industrial commission has failed to make any finding of fact upon the question of whether or not instructions had been given by the employer to the employee not to use the motorcycle. It is therefore ordered that the case be remanded to the industrial commission to take such further proceedings in the case as may seem proper, and for that purpose to take further evidence and make further findings herein." The claimant excepted directly to this court, and in his bill of exceptions such exception constitutes his sole assignment of error. The employer moved to dismiss the writ of error, in that it is prematurely sued out, there being no exception therein to any final judgment in the case, and that this court is therefore without jurisdiction, for the reason that the above order of the commission did not finally dispose of the case, and was not such an award, decree, order, or judgment as would authorize a direct exception to this court.

1. This court has no jurisdiction of the subject-matter of a bill of exceptions where the sole assignment of error is to a pendente lite ruling; that is, unless there is a final judgment in a case, or a judgment that would have been final if rendered as contended for by the plaintiff in error, and an exception thereto in the bill of exceptions, this court will not entertain a bill of exceptions assigning error on a pendente lite ruling, order, or judgment. Code, § 6-701; *Willis* v. *Daniel*, 39 *Ga. App.* 670 (148 S. E. 301); *Jackson* v. *Yancey Tractor Co.*, 47 *Ga. App.* 271 (3) (170 S. E. 320). Except where otherwise specifically provided by statute, the rules of practice and procedure governing appeals and writs of error in compensation cases passed on by the Department of Industrial Relations, and reviewed on appeal by the superior court, and brought by writ of error to this court, are the same as the rules of procedure and practice now prevailing in this State as to direct writs of error. Code, § 114-710; 71 C. J. 1221.

2. While a party may appeal to the superior court from a final award of the Department of Industrial Relations, and may except directly to this court to a judgment affirming the award or reversing the finding of the department on the grounds specified in the statute cited below and entering a final judgment thereon, yet a judgment of the superior court ruling that the commission

has failed to make a particular finding of fact, and recommitting the case to the commission for further proceeding and to take additional evidence and make further findings, is not a final disposition of the case, and hence is not reviewable by direct exception to this court. See Code, § 114-710; *Southern Surety Co.* v. *Elliott*, 44 *Ga. App.* 376 (161 S. E. 679); *Herrington* v. *Baird*, 164 *Ga.* 332 (138 S. E. 774); *Harwell* v. *Cowan*, 175 *Ga.* 33, 36 (165 S. E. 19). The above ruling has been squarely made in the State of Illinois, where the provisions of the workmen's compensation statute relative to appeals to the circuit court and writs of error to the appellate court are identical in effect with the corresponding provisions of our act, and in that State a direct writ of error lies only to a final judgment. Peabody Coal Co. *v.* Industrial Com., 287 Ill. 407 (122 N. E. 843); Raffaelle *v.* Industrial Com., 326 Ill. 166 (4) (157 N. E. 206); Cooke *v.* Industrial Com., 340 Ill. 309 (4) (172 N. E. 761). The workmen's compensation act does not specifically provide for a writ of error from such an interlocutory order. *Woodruff* v. *Miller*, 48 *Ga. App.* 305 (172 S. E. 738), does not hold to the contrary of what is here ruled. In that case the superior court affirmed the award, and then remanded the case to the department for it to find whether the department's physician, in his testimony mentioning an "old fracture," intended to refer to the injury in question or to a previous one, in order to fix the amount of compensation and extent thereof. The court's holding was that the failure of the parties to except to the order made the same the law of the case. In the present case the claimant could properly have excepted pendente lite to such ruling of the superior court, and could have assigned error in the final bill of exceptions.

3. Applying the foregoing ruling, the writ of error must be dismissed; but direction is given that the official copy of the bill of exceptions of file in the clerk's office of the superior court operate as exceptions pendente lite in the case. See *Daniel* v. *Chastain*, 48 *Ga. App.* 799 (173 S. E. 864); *Jackson* v. *Yancy Tractor Co.*, supra.

*Writ of error dismissed with direction. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J. I am of the opinion that the judgment excepted to is a final judgment. I therefore dissent from the dismissal of the writ of error.