27629. BANKERS HEALTH AND LIFE INSURANCE COMPANY *v.* KELSEY.

DECIDED NOVEMBER 8, 1939.

*Hirsch & Smith, Welborn B. Cody,* for plaintiff in error.
*Paul Donehoo,* contra.

FELTON, J. This was an action on a policy of insurance issued on the life of William R. Kelsey. The insurance company admitted a prima facie case, but defended on the ground that the insured had answered falsely question No. 20 of the application, by stating in answer to the question that he had received no medical or surgical attention within the five years next preceding the date of the application. The application was dated September 2, 1935. It was the contention of the company that the insured had been treated at Grady Hospital in April, 1935, and on other dates

subsequently to the issuance of the policy; that the insured had suffered a basal fracture of the skull in an automobile accident in 1935; and that it was for this reason that he was admitted to the hospital. The company offered in evidence the records of the hospital, to show treatment of the insured, which evidence was not admitted by the court. The other evidence offered was substantially as follows: Mrs. E. A. Hambrick testified that she was the record clerk and the librarian at the hospital, and that she was subpoenaed to produce the records of the treatments received by the insured; that the records which she produced were the records of the insured; that the records showed that the insured first entered the hospital on January 5, 1932, in the surgical department; that he was next admitted on April 2, 1935, then in December and January, 1937; that she did not make the records, but that she did check and file them. Dr. Boland testified that he had treated the patient; but nowhere in his testimony did it appear on what date or dates he treated him. Dr. Landham testified that he read the x-ray picture taken of the insured; but he did not testify as to the date on which he examined the picture, or when it was taken. J. T. Mauldin testified that he made a certain record of the treatment of the insured; that the first time he saw him was in December, 1937; that the insured told him he had had an automobile wreck in 1935, and that he suffered a basal fracture of the skull in that wreck.

1. One ground of the motion for new trial excepts to a refusal by the trial judge to admit in evidence certain records of Grady Hospital. This ground will not be considered, because the excluded evidence and the materiality thereof are not set forth in the motion.

2. The second special ground complains of error alleged to have been committed in excluding from evidence a record made by J. T. Mauldin, who was an interne at Grady Hospital in December, 1937. We do not think that this exception is well taken, for the reasons (1) that the record was made in December, 1937, which was some months after the application for the insurance was made, and some months after the actual issuance of the policy; (2) that if the hospital charts and records of facts relative to a patient's history, condition, and treatment were admissible at all under an exception to the hearsay rule, they would probably not be ad-

missible until it was first established that direct, positive evidence of such facts was not available; and (3) this court held in *Mutual Benefit Health & Accident Association* v. *Bell*, 49 *Ga. App.* 640 (4) (176 S. E. 124), that a hospital record, chart, or history of a patient's illness is not admissible, being purely hearsay.

3. We think that the court did not err in overruling the motion for new trial, for the further reason that the only evidence introduced to the effect that the patient had received medical or surgical treatment was that of the record clerk that he had been admitted to the hospital one time within the five-year period preceding the date of the application, and it nowhere appeared what ailment was suffered by him, or what treatment he received, or that any ailment so suffered by him was of such nature as would make his representation that he had received no treatment so fraudulent as to void the policy.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*