AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
*et al. v.* KENT.

No. 14862. JUNE 7, 1944.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Wyatt & Morgan* and *Wright Lipford,* contra.

JENKINS, Presiding Justice. The Court of Appeals certified the following question: "Where the State Board of Workmen's Compensation renders an award denying compensation and the case is appealed to the superior court and the superior court holds that certain evidence excluded by the board was admissible and remands the case to the board for further findings upon a consideration of the excluded evidence, and exceptions pendente lite are filed to the order of the court holding the excluded evidence admissible, and to the order reversing and remanding the case for further consideration, and where upon the second consideration of the case the board awards compensation and the award is affirmed by the superior court, can the employer and insurance carrier raise the question of the correctness of the reversal of the first award by assigning error on said exceptions pendente lite in their bill of exceptions assigning error on the final judgment making an award in favor of the claimant? See: *King* v. *Western Union Telegraph Co.,* 54 *Ga. App.* 388 (187 S. E. 888); Code, § 6-701; Code, § 114-710 (last paragraph)."

The contention of the movant in the Court of Appeals is that his procedure followed that outlined by that court in *King* v. *Western Union Telegraph Co.,* 54 *Ga. App.* 388, and that he should not be penalized for doing so by having his case dismissed. In his oral argument it was urged that even if the *King* case, governing only

a matter of procedure, should be thought unsound, warning should be given that another and different method of procedure would be hereafter adopted before applying the harsh remedy of dismissal against a litigant who had followed it. This line of argument, we can not think, could properly be addressed to this court, which does not adjudicate the case, but whose sole function is to give answer to a specific question of law as propounded to it by the Court of Appeals.

The writer of this opinion joins in the conclusion that the certified question should be answered in the negative, although he, as a former member of the Court of Appeals, joined in the majority opinion by that court in the *King* case. In order to arrive at such a conclusion, the ruling in the *King* case must be disapproved. The writer, speaking for the moment only for himself, has been somewhat reluctant to join in this view, for the reason that the Code, § 114-710, cited in the *King* case, does not seem to give to the superior court plenary powers to set aside on appeal the finding of the Department of Industrial Relations on account of any and every material error which might be committed by it on the hearing; but expressly and plainly limits the power of the superior court to set aside a finding of the department to the five specific reasons stated by the following language of the statute. "No order or decree of the department shall be set aside by the court upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree, or decision of the department so appealed from. Upon the setting aside of any such order, decree, or decision of the department, the court may recommit the controversy to the department for further hearing or proceedings in conformity with the judgment and opinion of the court." The writer, still speaking for himself, and referring to the *King* case, is of the opinion that the reason given by the judge of the superior court in remanding the case back to the department (then called commission), does not seem to come within any one of the five reasons which would authorize a reversal, nor does it appear that the judge in fact sought to exercise such a power by setting the judgment aside. What he did do was to order an additional finding on a designated question of fact. While he did not seek by order to retain jurisdiction in himself, not having either affirmed or reversed

the finding of the department, his order in remanding the case had seemed to lack the element of finality such as would authorize direct exceptions. On further reflection, however, it would appear that in the *King* case, irrespective of whether or not under the workmen's compensation statute he was authorized to reverse the case for the reason he assigned for remanding it, and irrespective of whether or not he had the right and power under the statute to remand it with direction *in the absence of a judgment of reversal,* these are all questions immaterial to the question propounded, and therefore, of course, are not decided, for the reason that when he *did* remand the case with direction requiring a specific finding on a question of fact, and with the right on the part of the defendant not only to deal with the designated question of fact but with the right on its part "to take such further proceedings in the case as may seem proper." not only did the superior court lose jurisdiction of the case, but the prevailing party lost the benefit of the judgment he had gained before the department; and whether erroneous or not, this was the equivalent of setting the finding aside.

Accordingly, speaking for the court, we all agree in disapproving the ruling in the *King* case, and in holding, in response to the question propounded in the case under consideration by the Court of Appeals, that the answer should be in the negative. See, in this connection, *New Amsterdam Casualty Co.* v. *McFarley,* 64 *Ga. App.* 465 (13 S. E. 2d, 588).

*Question answered in the negative. All the Justices concur, except Wyatt, J., disqualified.*