## 30392. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* KENT.

DECIDED JULY 14, 1944.   REHEARING DENIED JULY 20, 25, 1944.

454

*Neely, Marshall & Greene,* for plaintiffs in error.

*Wyatt & Morgan, Wright Lipford,* contra.

FELTON, J. ■ The ruling made by the superior court holding that the evidence excluded by the board was admissible was not appealed from directly, and became the law of the case as to such ruling and evidence covered by it. See answer of the Supreme Court to certified question by this court. *American Mutual Liability Ins. Co.* v. *Kent,* 197 *Ga.* 733 (30 S. E. 2d, 599).

■ Certain hospital records were introduced in evidence. These records were not made by the witness who sought to identify them. They were admitted in evidence over the objection that they were hearsay evidence, and the award shows that the facts shown by the records were considered in the making of the award, to wit, that the deceased complained to a nurse in the hospital of severe headaches and pains in his head. Under the rulings of this court such evidence is inadmissible. *Bankers Health & Life Ins. Co.* v. *Kelsey,* 60 *Ga. App.* 899 (5 S. E. 2d, 600), and cit. Under the recent ruling in *Sisson* v. *American Mutual Liability Ins. Co.,* 71 *Ga. App.* 284 (30 S. E. 2d, 501), where the record shows that the award is based in part, or very probably so, on illegal findings from the evidence, the award must be reversed. This evidence was not admissible under the law of the case, for the reason that the nurse to whom the statements were alleged to have been made was not under oath and subject to cross-examination.

■ If a physician's affidavit stating his opinion as to the cause of the death of the employee was considered by the board in the absence of an agreement by the employer and insurance carrier, it is directed that it not be considered as evidence on the next hearing in the absence of such an agreement.

The court erred in affirming the award for the reason stated in the second division of the opinion.

*Judgment reversed. Sutton, P. J., concurs.*

Parker, J., dissents from the ruling in the second division of the opinion, and from the judgment.