### 40185.   OCEAN ACCIDENT & GUARANTY COMPANY et al. v. HULSEY.

NICHOLS, Presiding Judge.  This is the second appearance of this case before this court.  On the first appearance, *Ocean Accident &c. Co. v. Hulsey,* 105 Ga. App. 479 (125 SE2d 115), it was held that the award of the board denying compensation because the claimant was receiving benefits under "the so-called G. I. Bill" was unauthorized since income from outside sources and not attributable to his earning capacity is not to be taken into consideration when the board is determining the amount of compensation to which an employee is entitled.  On that appearance, since "the evidence did not demand a finding that the employee was in fact disabled" it was held that the judgment of the superior court directing that an award be entered for the claimant was error, and that the case should be remanded to the board for a determination as to whether the claimant was in fact disabled, without regard to the receipt of outside payments, and to make an award based on such determination.  After the judgment of this court was made the judgment of the trial court the case was remanded to the State Board of Workmen's Compensation and the full board directed that the claimant be X-rayed and examined by

an orthopedic surgeon and a further hearing set to determine disability, etc. The employer and insurance carrier appealed to the superior court where a judgment was rendered affirming the full board. Error is now assigned on such judgment of the superior court. *Held:*

The appeal to the superior court was not from an appealable award under the decision in *Southern Surety Co. of N. Y. v. Elliott,* 44 Ga. App. 376 (161 SE 679). Such case differs from those where the judgment excepted to is the judgment of the superior court remanding a case to the board after the board had previously entered a final award in the case. See *American Mut. Liab. Ins. Co. v. Kent,* 197 Ga. 733 (30 SE2d 599). The appeal was improvidently allowed but no harmful error is shown by the judgment affirming the full board.

*Writ of error dismissed. Frankum and Jordan, JJ., concur.*

DECIDED JUNE 13, 1963.

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, Williston C. White,* for plaintiffs in error.

*James I. Parker,* contra.