## 50445. GARNER v. OWENS-ILLINOIS GLASS CONTAINER.

ARGUED APRIL 8, 1975 — DECIDED MAY 30, 1975.

*George & George, William V. George,* for appellant.

*Skinner, Wilson, Beals & Strickland, John V. Skinner, Jr., Earl B. Benson, Jr.,* for appellee.

CLARK, Judge.

This appeal presents two questions under the Workmen's Compensation Act: (1) Does our statute permit an interlocutory appeal? (2) Does our statute authorize an appeal to the superior court from a decision by the full board other than one which grants or denies compensation? Our answers to both questions are in the negative.

The sequence of events which brought this appeal began with the filing by the employee on March 21, 1974, with the State Board of Workmen's Compensation of their Form 14 requesting a hearing "to determine liability, disability, and medical and compensation." Two days before the scheduled hearing date the employer moved for a continuance based upon the employee's refusal "to submit to a physical examination by an allergy specialist due to the fact that Claimant alleges that she, within the meaning of the Workmen's Compensation Laws of Georgia, has been disabled due to her exposure to sulphur fumes at her place of employment." Attached to this motion was a letter from claimant's physician addressed to her attorneys which had apparently been the basis of claimant's refusal. It stated that "I feel it distinctly inadvisable for Mrs. Elizabeth Garner to undergo allergy testing at this time inasmuch as it may result in a flareup of her condition."

The deputy director thereupon entered an order that the hearing should "be continued to be reset by the board as soon as the calendar will permit after the claimant has submitted herself to examination by a duly qualified physician pursuant to the provisions of section 114-503 of the Georgia Code Annotated and the results of said examination have been received and reviewed by counsel for both parties." (R. 18).

The claimant filed an application to the full board for review of this order. That appeal recited four grounds: (1) claimant was denied due process by the order being entered "suspending her right to prosecute workmen's compensation proceedings without a hearing"; (2) there were no findings of facts that her "refusal to submit to allergy testing was a refusal of an examination, there is no finding that her refusal was unreasonable, and there is no finding that the results of any allergy test would be determinative of or have any bearing on any issue in this case"; (3) there is no evidence in the record warranting the deputy director's order and the letter from claimant's doctor indicated the examination requested "was not an examination but was allergy testing"; and (4) "that her right to prosecute her claim for workmen's compensation has been taken from her without a hearing and the only

way in which she can now obtain a hearing is to submit to a testing procedure not encompassed within the term 'examination' which might result in further loss of lung tissue or even death." (R. 20, 21).

Upon this application for review being filed the employer moved to dismiss the application for review on the following grounds:

"1. The order entered by Deputy Director David C. Stripling on May 28, 1974 is not an award by its nature or in its form and is not the proper subject of an Application For Review under the provisions of Georgia Code Annotated, section 114-708 which contains the sole statutory provision for an application of review in Chapter 114.

"2. Said Order entered by Deputy Director Stripling continuing the hearing and ordering the Claimant to submit to a physical examination is interlocutory in nature, not dispository of the Claimant's Claim nor is it a ruling on the merits of said claim and is not a proper subject of review by the Full Board as the Application For Review filed by Claimant is premature." (R. 14).

The full board entered an order granting the motion to dismiss and remanding the claim to the deputy director for a hearing "in accordance with his order of May 28, 1974, or such other and further action which may be appropriate pursuant to his authority." The order also stated: "The Full Board views the order of May 28, 1974, as interlocutory in nature and not an award as stated in Code § 114-707, further specifically defined in Code § 114-710 as a final award. The Full Board further notes that it is an order purporting to meet the requirements of Code § 114-503 which affords to the claimant the medical protection of a physician or surgeon of her choice present at the required examination." (R. 22).

Claimant then filed an appeal in the Superior Court of Fulton County in which there was a repetition of the four grounds on which the employee's initial appeal had been taken to the full board. Additionally, the claimant asserted the board acted "without or in excess of their powers." This assertion was grounded in part upon alleged unconstitutionality of the interpretation given by the board to Code § 114-503.

A contention which has been earnestly argued by brief in the superior court and again orally and by brief in this court is that "The order or decree is contrary to law in that the Board has dismissed an application for review of a final order that has the effect of dismissing the claim in that it unconstitutionally denies forever to the claimant the right to prosecute her claim for workmen's compensation unless she shall agree to subject herself to testing which her doctor had advised against." (R. 25).

Another motion to dismiss was filed by the employer on the ground that the claimant's appeal was premature and that no basis for appeal existed. The superior court sustained this motion to dismiss reciting "this appeal is premature in that the Order of the Full Board is interlocutory and not a final appealable order and Claimant/Appellant has not exhausted her administrative remedies pursuant to the Workmen's Compensation Laws of Georgia." (R. 90). The instant appeal followed. *Held:*

■ What decisions may be appealed from the State Board of Workmen's Compensation to the courts? Code § 114-710 makes provision for appeals to the superior court and thereafter to our court. That section permits appeals in two instances. One is from an award made under Code § 114-707 in which no application for a review is filed. The other is from an award made by the full board under § 114-708. The essential element is finality. This is shown in the use of the phrases "final award," "final order or judgment," and "any other final decision."

■ "The Workmen's Compensation Act constitutes a complete code of laws upon the subject of rights and remedies of employers, employees, and their dependents." *St. Paul Fire &c. Co. v. Miniweather,* 119 Ga. App. 617 (168 SE2d 341). Nowhere in our statute is there provision for an interlocutory appeal. Undoubtedly this is by design since its goal is to provide a speedy disposition of claims of injured employees.

■ As stated in the first division and in the headnotes to this opinion, we have concluded that only final awards or final decisions are appealable. Because appellee's brief has dealt with this correctly, we adopt the following: "It is clearly established the Georgia General Assembly

contemplated only that final awards be appealed from the Board to the Superior Courts. *Davis v. Aetna Life Ins. Co.,* 41 Ga. App. 113 (151 SE 812); *Macon v. U. S. F. & G. Co.,* 41 Ga. App. 774 (154 SE 702).

"In the case of *Southern Surety Co. of N. Y. v. Elliott,* 44 Ga. App. 376 (161 SE 679) this Court stated that an order of the Full Board remanding the claim to a single commissioner (deputy director) for further hearing was not in the nature of such a final award, order, judgment or decision as contemplated by the equivalent of the present Ga. Code Ann. § 114-710. The *Elliott* decision was cited approvingly and followed in *Ocean Accident &c. Co. v. Hulsey,* 108 Ga. App. 8 (131 SE2d 806) wherein an award of a deputy directory was remanded by the Full Board for further medical testimony and an appeal was taken from that remand. The Court stated at 108 Ga. App. 9 the following: The appeal to the superior court was not an appealable award under the decision of *Southern Surety Co. of N. Y. v. Elliott,* 44 Ga. App. 376 (161 SE 679). Such case differs from those where the judgment excepted to is the judgment of the superior court remanding a case to the board after the board had previously entered a final award in the case. See *American Mut. Liab. Ins. Co. v. Kent,* 197 Ga. 733 (30 SE2d 599)."

■ There is no merit to appellant's contention that the effect of the full board's dismissal of her appeal terminates her right to pursue her claim. The board's order actually preserved her rights as it stated that "the claim is remanded to the deputy director for hearing in accordance with his order of May 28, 1974, or such other and further action which may be appropriate pursuant to his authority." As the claim was not terminated and claimant was not denied her rights, the case of *Millholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194) is not applicable as the Supreme Court there dealt with an order terminating the appellant's right to a trial. Similarly the other citations relied on by claimant are not applicable since none dealt with interlocutory orders.

Appellant even in good faith cannot unilaterally rely upon a letter from her physician to deny the appellee the right given employers by the statute (Code § 114-503) to have the employee submit "to examination, at reasonable

times and places, by a duly qualified physician or surgeon designated and paid by the employer or the State Board of Workmen's Compensation." The statute protects the employee by granting the right to have claimant's doctor present at such examination.

5. There is no merit to appellant's contention that the ruling by the full board is unconstitutional in that it deprives claimant of an opportunity to show why she should not be subjected to the allergy tests. "Due process of law" requires reasonable notice and a fair opportunity for a hearing. *Dansby v. Dansby,* 222 Ga. 118, 120 (149 SE2d 252) and citations therein. Our statute meets the constitutional requirements as claimant possesses at least two procedures for presenting her objections to the proposed medical examination: (1) initially upon receipt of the deputy director's ex parte order she could have requested and thereby obtained a hearing before the deputy director as to her contentions rather than file her application for review of the interlocutory ruling; (2) she still has the opportunity upon the remand to the deputy director by the full board's order to present the evidence to support her refusal to comply with the physical examination order.

Moreover, as has been observed, there has not been a final award nor final decision on her claim. Her case remains pending. The board's order of remand has opened the door for her to obtain a hearing as to the validity of her contentions.

■ The remaining enumeration of error avers "that the deputy director's order (R. 18) which has the effect of terminating claimant's right to pursue her claim for workmen's compensation, is without findings of fact or evidence to support it." There is no merit to this enumeration. As hereinbefore shown, the claim has not been terminated and does not constitute an award so there has been no occasion for findings of fact. "[A] statement of the findings of fact and other matters pertinent to the questions at issue" are required under Code § 114-707 only where there is an award.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*