**63859, 63860. FARIST v. BLUE RIDGE CARPET MILLS et al.; and vice versa.**

BANKE, Judge.

The administrative law judge in this workers' compensation case awarded the claimant attorney fees pursuant to Code Ann. § 114-712 (b) (1), based upon a finding that the employer and insurer had forced the case to hearing "without reasonable grounds." The full board affirmed the award of benefits but, finding an absence of any evidence as to what a reasonable fee would be, vacated the award of attorney fees and remanded the case to the administrative law judge for a hearing on this issue. See *Liberty Mut. Ins. Co. v. Kirkland,* 156 Ga. App. 576 (275 SE2d 152) (1980). The employer and insurer appealed directly to the superior court from this order. The superior court affirmed the award of compensation but reversed the award of attorney fees, finding no basis for the conclusion that the claim had been defended without reasonable grounds. We granted the claimant's subsequent application for a discretionary appeal. After the claimant had filed her notice of appeal to this court, the employer and insurer filed a cross appeal seeking to reverse the award of benefits. *Held:*

Because the issue of attorney fees had not been finally determined, the board's ruling was not final, and the superior court had no jurisdiction to hear an appeal from it. See Code Ann. § 114-710; *Garner v. Owens-Illinois Glass Container,* 134 Ga. App. 917 (3) (216 SE2d 709) (1975); *Ocean Accident &c. Co. v. Hulsey,* 108 Ga. App. 8 (131 SE2d 806) (1963); *Southern Surety Co. v. Elliott,* 44 Ga. App. 376 (161 SE 679) (1931). The judgment of the trial court is accordingly reversed with direction that the case be remanded to the board for a hearing on attorney fees in accordance with the board's order.

*Judgment reversed and remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JUNE 16, 1982.

*Robert L. Husby, Jr., Joe B. Sartain,* for appellant.
*John P. Hines, H. Durance Lowendick,* for appellees.