## 64445. MAJANOVIC v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.

BANKE, Judge.

We granted the appellant's application for discretionary appeal to review an order of the superior court dismissing his administrative appeal to the State Personnel Board from an alleged adverse personnel action.

The appellant began the administrative appeal proceedings after receiving a memorandum from his superiors at Central State Hospital which was headed "PROPOSED ADVERSE ACTION" and which stated, in pertinent part, as follows: "This is to notify you of our decision to demote you from the class Clinical Director to the class Physician Specialist effective October 16, 1981. This decision stems from our conclusion that you are guilty of misconduct and repeated misstatement of facts regarding hospital operations in the performance of your duties as Chief and Clinical Director of the Medical/Surgical Division of CSH." The memorandum went on to specify the alleged acts of misconduct and to advise the appellant of his right to appeal to the Director of Mental Health and Mental Retardation of the Georgia Department of Human Resources.

The appellant filed such an appeal and subsequently received a

letter from the Director sustaining the disciplinary action taken by his superiors at the hospital. This letter, like the original memorandum, characterized the action taken against him as a demotion, and it informed him that he was entitled to file an appeal with the State Personnel Board. The appellant did so; and, prior to the date set for a hearing on the appeal, the department moved to dismiss, asserting, for the first time, that the appellant had not received a demotion as that term is defined in the board's rules and regulations because he had not been reduced to a class of employment having a lower maximum salary level. The board denied the motion to dismiss, and the department filed a petition for judicial review in superior court. The superior court ruled that the appeal should have been dismissed for the reason urged by the department, and we granted the appellant's application for discretionary appeal to this court. *Held:*

It is not apparent that the appellant's right to appeal to the personnel board was contingent upon a determination that he was demoted. Code Ann. § 40-2204 (b) (4) charges the board with the duty and function of insuring that "a review is afforded on dismissals, other adverse personnel actions as defined by the rules and regulations of the State Personnel Board and other purported violations of the rules and regulations in the several departments which are included in the career services as well as in other matters under the board's jurisdiction where the board deems a review appropriate . . ." This would appear to encompass a broader range of actions than merely demotions, regardless of how that term is officially defined by the board's rules and regulations. We are unable to reach the merits of the superior court's decision, however, as we find that it had no jurisdiction to review the proceedings before the personnel board prior to the board's entry of a final order or decision in the case.

The jurisdiction of the superior courts to review decisions of the State Personnel Board is set forth in Code Ann. § 40-2207.1 (Ga. L. 1976, pp. 1547, 1550; 1979, pp. 780, 784, 785), which provides in pertinent part as follows: "(h) Any party . . . *who has exhausted all administrative remedies available before the board and who is aggrieved by a final decision or order of the board on any hearing* may seek judicial review of the final decision or order of the board in the superior court of the county of the place of employment of the employee." (Emphasis supplied.) The order of the State Personnel Board denying the state's motion to dismiss is not a final decision in the case but is analogous to the denial of a motion to dismiss a complaint. The board clearly was authorized to pass on its own jurisdiction, for Code Ann. § 40-2207.1 (b) specifically provides that

the Board shall have the authority to "dispose of motions to dismiss for lack of the board's jurisdiction over the subject matter or parties or for any other ground . . ."

The superior court having been without jurisdiction to intervene in the case, its judgment is reversed and the case is remanded for further proceedings before the State Personnel Board. See generally *Dept. of Human Resources v. Williams,* 130 Ga. App. 149, 151 (202 SE2d 504) (1973). Cf. *Howell v. Harden,* 231 Ga. 594, 595 (203 SE2d 206) (1974); *Farist v. Blue Ridge Carpet Mills,* 162 Ga. App. 586 (291 SE2d 741) (1982).

*Judgment reversed and case remanded. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 10, 1982.

*Charles A. Mathis, Jr.,* for appellant.

*Marion O. Gordon, Verley J. Spivey, Senior Assistant Attorneys General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.