## 64101. K-MART CORPORATION v. ANDERSON.

SHULMAN, Presiding Judge.

This is an appeal by the employer/self-insurer from the superior court's order remanding the case to the State Board of Workers' Compensation ("Board") "to determine whether [appellant] should pay [appellee's] additional medical expenses acquired since the hearing of the Full Board." Appellant enumerates as error, inter alia, the superior court's decision not to review the merits of the Board's award due to the interlocutory nature of one aspect of that award.

A full hearing on all issues in this case was conducted by the administrative law judge, who then entered an order making certain findings and awarding to appellee temporary total disability benefits and reimbursement for certain medical expenses. On appeal to the Full Board, this award was made the award of the Board with the following modification: "Payment of any current or future medical expenses incurred in treatment of claimant's injury-resultant condition, not enumerated in the award of the Administrative Law Judge... is subject to a hearing at the request of any party in the event of a dispute. The provisions of this paragraph alone are interlocutory." Appellant then appealed to the superior court for review of the Board's award.

We find that the superior court erred in refusing to review the award made by the Full Board. Code Ann. § 114-710 provides that "either party to the dispute may, within 30 days from the date of any such final award [pursuant to Code Ann. §§ 114-707 and 114-708], or within 30 days from the date of any other final order or judgment of the directors ... appeal ... to the superior court of the county in which the injury occurred ..." While there is no provision for an appeal to the superior court for review of an interlocutory matter (see *Garner v. Owens-Illinois Glass Container,* 134 Ga. App. 917 (216 SE2d 709)), the award of the Board in this case was a final award from which appeal to the superior court was properly made. The fact that there was no final disposition of a potential item covered by the Act, that of current or future medical expenses not addressed by the award of the administrative law judge, did not nullify the finality of the Board's award. "If there must be further expense incurred after the award is made, bills for these expenses should be submitted to the board for making similar determination, approval and award." *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801, 806 (198 SE2d 412). The fact that the employee may incur additional medical expenses has no impact on the finality of the award made to date. Any other result would render many workers' compensation awards nonreviewable, since the question of liability for future medical expenses is often

incapable of ascertainment at the time of the hearing and award. The superior court erred in failing to consider the merits of the Board's award on the grounds raised by appellant. This case is remanded to the superior court for further proceedings consistent with this opinion.

*Judgment reversed and remanded. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Robert L. Kiser,* for appellant.
*Jack Dorsey,* for appellee.