### 51179. MILLER v. GEORGIA REAL ESTATE COMMISSION.
### 51180. CLEMENTS v. GEORGIA REAL ESTATE COMMISSION.
### 51181. ROBERTS v. GEORGIA REAL ESTATE COMMISSION.

QUILLIAN, Judge.

1. Code Ann. § 3A-120 (b) (Ga. L. 1964, pp. 338, 354) provides in part: "Proceedings for review are instituted by filing a petition within 30 days after the service of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision thereon." When an appeal of an adverse decision by an administrative agency is filed beyond the time allowed by law the superior court has no jurisdiction to take any action other than to dismiss the case. *Pope v. Wolfe,* 128 Ga. App. 226 (196 SE2d 412); *Bragg v. Bragg,* 225 Ga. 494 (170 SE2d 29).

In the instant cases the appellants appealed to the superior court more than 30 days after the rendition of an adverse ruling on their motions for rehearing before the administrative board and indeed more than 30 days after they received notice of such rulings by the board. Under such circumstances therefore it was not error for the trial judge to dismiss each of the appeals.

2. It is urged that the appellants here made a showing of "excusable neglect" which would permit an extension of time for a late filing under CPA § 6 (b) (Code Ann. § 81A-106 (b); Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230).

"CPA § 6 (b) (Code Ann. § 81A-106 (b)), providing for extensions of time under certain circumstances, by its own terms applies only to an act required or allowed to be done by the Civil Practice Act, a notice given thereunder, or order of the court, and *does not apply to periods of time which are definitely fixed by other statutes* such as the time for filing the notice of appeal as provided for by Code Ann. § 6-803." (Emphasis supplied.) *Wilson v. City of Waycross,* 130 Ga. App. 253 (203 SE2d 301). The Supreme Court in *Howell v. Harden,* 231 Ga. 594 (203 SE2d 206), held that the judicial review provided by the Administrative Procedure Act (Code Ann. § 3A-120), supra, is not governed by the provisions of the Civil Practice Act. Therefore, the appellants may not utilize CPA § 6 (b) to obtain, after the expiration of the specified time, an extension which would allow a late filing of their appeals.

*Judgments affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED NOVEMBER 5, 1975 — DECIDED NOVEMBER 24, 1975.

*J. O. Wyatt, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellee.