A95A0400. DEPARTMENT OF HUMAN RESOURCES v. LEWIS.
(457 SE2d 824)

McMURRAY, Presiding Judge.

On March 1, 1994, the Georgia Department of Human Resources filed a "Petition to Adopt Final Agency Decision" which requested the superior court to adopt an attached final agency decision as an order of that court pursuant to OCGA § 19-11-12 (a provision of the Child Support Recovery Act, OCGA § 19-11-1 et seq.) and to enter an income deduction order pursuant to OCGA § 19-6-30 et seq. The attached agency decision was a modification of a child support award which increased the amount to be paid on a periodic basis by Casey Lewis. The petition to the superior court recited that the procedural and notice requirements of various provisions of the Child Support Recovery Act had been satisfied and that the statutory time limit to challenge the adjustment in the child support had passed. The attached records failed to show any appeal from the administrative decision.

On March 15, 1994, the superior court entered an order adopting the final agency decision as an order of that court and ordering that income deduction be used to enforce the child support provisions. Also, a separate income deduction order was entered.

On March 24, 1994, Casey Lewis filed an answer denying the substantive allegations of the petition to the superior court. An order was entered on June 27, 1994, referencing a June 1, 1994 hearing in the case and a request by Casey Lewis for an appeal of his "review modification." This order grants Casey Lewis' request for an out-of-time appeal to the superior court.

Upon the out-of-time appeal, the superior court entered an order which reverses the final agency decision under the Child Support Recovery Act. The superior court determines that the child support provided in that decision is excessive and modifies that decision by substituting an amount set by the superior court.

The Department of Human Resources sought and obtained permission for this discretionary appeal in order that we might consider issues concerning the authority of the superior court to grant the out-of-time appeal and to substitute its judgment for that of the administrative agency in regard to the proper amount of child support to be paid. In reaching our decision, we need not reach the second of these issues. *Held*:

Administration of the Child Support Recovery Act is governed by the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq. OCGA § 50-13-19 (b) is that portion of the Administrative Procedure Act which provides for judicial review if requested within 30 days following a final agency decision. The superior court lacks jurisdiction when an appeal of an adverse decision by an administrative agency is

filed beyond the time allowed by law and may take no action other than to dismiss the case. *Miller v. Ga. Real Estate Comm.*, 136 Ga. App. 718 (1) (222 SE2d 183). Accord *Taco Mac v. City of Atlanta Bd. of Zoning Adjustment*, 255 Ga. 538 (340 SE2d 922); *Rowell v. Parker*, 192 Ga. App. 215, 216 (2) (384 SE2d 396).

While the superior court's final order includes language which may indicate that it considered the appeal to be a reconsideration of its decision to adopt the agency decision rather than the consideration of a matter beyond its jurisdiction, the substance of the matter is the same: an appellate review of the final agency decision. Casey Lewis cannot be permitted to do indirectly that which the law does not allow to be done directly. *Krasaeath v. Parker*, 212 Ga. App. 525, 527 (1) (441 SE2d 868); *Cotton v. Bank South, N.A.*, 212 Ga. App. 1, 5 (440 SE2d 704); *Jabaley v. Jabaley*, 208 Ga. App. 179, 183 (430 SE2d 119). The superior court orders granting an out-of-time appeal and the final order entered upon the purported appeal were beyond the jurisdiction of the superior court and must be vacated and the case remanded. Upon remand the superior court is directed to enter an order reinstating and adopting the final agency decision, and also to enter an appropriate income deduction order.

*Judgment vacated and the case remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 8, 1995.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Kevin M. O'Connor, Assistant Attorneys General,* for appellant.

*M. Kirby Wood,* for appellee.