## A95A0769. RIDDLE-BRADLEY, INC. v. RIDDLE et al.
### (459 SE2d 576)

BEASLEY, Chief Judge.

Riddle-Bradley, Inc., a wholesale and retail office supply business, negotiated a sale of substantially all the company's assets to Danka Industries, Inc. Thereafter, minority shareholders Bradley Riddle, Sr. and Bradley Riddle, Jr. filed a derivative action alleging breach of fiduciary duties by the majority shareholder. They also took the appropriate steps to exercise their dissenters' rights under the Georgia Business Corporation Code (OCGA § 14-2-1302 et seq.). The dissenters and the corporation were unable to agree on the value of the shares, so the corporation petitioned the court to determine fair value in a proceeding authorized by OCGA § 14-2-1330.

Riddle-Bradley appeals from a summary judgment awarding the dissenting shareholders the amount they demanded for their shares because the corporation, without a written extension of time as provided for by OCGA § 9-11-6 (b) of the Civil Practice Act (CPA), failed to commence the valuation proceeding within the statutory period.

1. The dispositive issue is whether OCGA § 9-11-6 (b) applies before commencement of such a legal action.

The Georgia Business Corporation Code states, "If a demand for payment [of a dissenter's estimated fair value of his shares plus accrued interest] remains unsettled, the corporation shall commence a proceeding within 60 days after receiving the payment demand and petition the court to determine the fair value of the shares and accrued interest. If the corporation does not commence the proceeding within the 60 day period, it shall pay each dissenter whose demand remains unsettled the amount demanded." OCGA § 14-2-1330 (a). The CPA applies to appraisal proceedings. OCGA § 14-2-1330 (d). By its terms, the CPA provision governing extensions applies when, once a "proceeding" has been commenced, the CPA itself, Chapter 11 of Title 9, a notice thereunder, or a court order requires or allows an act to be performed within a certain time period. OCGA § 9-11-6 (b).

This court has held, however: "Granting extensions of time as permitted under certain circumstances by the Civil Practice Act does not apply to periods of time which are definitely fixed by other statutes. [Cit.]" *McClure v. Dept. of Transp.*, 140 Ga. App. 564 (1) (231 SE2d 532) (1976) (notice appealing Department of Transportation's petition and declaration of taking was properly dismissed as trial court is without authority to extend the period of time set by statute for filing such an appeal). The statutory scheme for exercising dissenters' rights involves a tight timeline within which minority shareholders must exercise their right to force the corporation to repurchase their shares once certain corporate decisions trigger the right of

dissent. OCGA § 14-2-1301 et seq. Within the scheme, all notices, demands, offers, and estimates of fair value are required to be made, in writing, within certain time periods. OCGA § 14-2-1320 et seq. Because the time for filing a petition for judicial appraisal is set by statute, the CPA does not enable the court to grant extensions of time upon the consent of parties or otherwise. The corporation's failure to comply with OCGA § 14-2-1330 (a) by filing its petition for judicial appraisal within 60 days after receiving the minority shareholders' OCGA § 14-2-1327 demand deprives the court of subject matter jurisdiction to reach the merits of the petition. See OCGA § 15-1-2; compare OCGA § 9-11-12 (h).

This analysis is confirmed by the fact that Georgia's judicial appraisal statute is based on § 13.30 of the Model Business Corporations Act. According to the Official Comment to that section of the Model Act, the time periods established therein are "jurisdictional." 3 Mod. Bus. Corps. Act Ann., § 13.30 (1994).

Accordingly, the trial court's judgment was correct; a judgment or decision right for any reason will be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989).

2. In light of our holding in Division 1, we do not address appellant's remaining arguments.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 22, 1995 —
RECONSIDERATIONS DENIED JULY 7, 1995 — 

*Shaw, Maddox, Graham, Monk & Boling, Virginia B. Harman*, for appellant.

*Jones, Byington, Durham & Payne, Frank H. Jones, Brinson, Askew, Berry, Seigler, Richardson & Davis, J. Anderson Davis, Smith, Price & Wright, S. David Smith, Jr.*, for appellees.