A06A1706. GLADOWSKI v. DEPARTMENT OF FAMILY & CHILDREN SERVICES.
(635 SE2d 886)

BLACKBURN, Presiding Judge.

In this discretionary appeal, Sylvia Gladowski appeals a decision by the Fulton County Superior Court affirming a final administrative decision by the Commissioner of the Georgia Department of Community Health, which denied her certain Medicaid benefits. Gladowski contends that the superior court erred in ruling that her petition for judicial review was not timely filed pursuant to OCGA § 49-4-153 (c). We disagree and affirm.

In an appeal from a superior court's review of a final agency decision, "[o]ur function is to determine whether the superior court has in its own final ruling committed an error of law." (Punctuation omitted.) *North Atlanta Scan Assoc. v. Dept. of Community Health.*[1]

The undisputed record shows that in April 2004, Gladowski qualified for Medicaid assistance to pay for nursing home care, but the Department of Community Health delayed her benefits until September 2006 on the ground that Gladowski improperly transferred assets to qualify for Medicaid coverage. Gladowski appealed

---

[1] *North Atlanta Scan Assoc. v. Dept. of Community Health*, 277 Ga. App. 583, 584 (627 SE2d 67) (2006).

the decision to an administrative law judge (ALJ), who held a hearing and issued an "initial decision" affirming the Department's action. After her motion for reconsideration was denied, the Department issued a "final administrative decision," dated December 13, 2004, adopting the ALJ's decision. That decision was mailed to Gladowski on December 14, 2004.

On January 18, 2005, Gladowski filed a petition for judicial review in the Superior Court of Fulton County. After a hearing, the superior court affirmed the final administrative decision on the ground that Gladowski had failed to timely file her request for judicial review. Gladowski now appeals.

1. Parties aggrieved by a final decision of the Department of Community Health may obtain judicial review "by filing a petition *within 30 days after the service of the final decision* of the commissioner." (Emphasis supplied.) OCGA § 49-4-153 (c).

Here, the final decision was mailed to Gladowski on December 14, 2004. Though the statute is not explicit as to what date constitutes the date of service, we interpret the date of service to be the date the decision was mailed by the agency, as is borne out by the statutory scheme. For example, earlier in the administrative process, the statute is clear that an applicant for medical benefits requesting the commissioner to review an initial decision of an ALJ has 30 days from "his or her *receipt* of" the ALJ's decision to file the request. (Emphasis supplied.) OCGA § 49-4-153 (b) (1). Similarly, a provider of medical assistance who is seeking review of an ALJ's decision must file a request with the commission "within ten days of his or her *receipt* of the hearing decision." (Emphasis supplied.) OCGA § 49-4-153 (b) (2) (D).

In contrast to those provisions, OCGA § 49-4-153 (c), which applies here, requires a party who has exhausted the administrative review process to file a petition for judicial review "within 30 days *after the service* of the final decision of the commissioner." (Emphasis supplied.) Whereas the statute elsewhere refers to "receipt," here the statute uses the term "service." Accordingly, we construe these different terms to have different meanings, and interpret the term "service" to mean the date on which the final decision was mailed by the commissioner.

Therefore, according to the prescribed time period, Gladowski's petition for judicial review had to be filed in the superior court within 30 days of December 14, 2004, i.e., on or before Thursday, January 13, 2005. As her petition was filed on Tuesday, January 18, 2005 (follow-

ing a three-day weekend including a state holiday),[2] we now face the question of whether the Civil Practice Act's three-day rule (OCGA § 9-11-6 (e)) would apply, rendering her petition timely. That provision provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him, and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." OCGA § 9-11-6 (e).

The statute governing appeals from decisions of the Department of Community Health is silent on the question of whether the Civil Practice Act applies to petitions for judicial review, and only provides that "[j]udicial review of the commissioner's decision may be obtained in the same manner and under the same standards as are applicable to those contested cases which are reviewable pursuant to Code Section 50-13-19 [of the Administrative Procedure Act]." OCGA § 49-4-153 (c). Georgia's courts have previously held that the Civil Practice Act does not apply to a superior court performing the role of a court of review in an appeal filed pursuant to the Administrative Procedure Act. For example, in *Miller v. Ga. Real Estate Comm.*,[3] this Court held that "judicial review provided by the Administrative Procedure Act ... is not governed by the provisions of the Civil Practice Act. Therefore, the appellants may not utilize [OCGA § 9-11-6 (b)] to obtain, after the expiration of the specified time, an extension." See also *Ga. Public Svc. Comm. v. Southern Bell*[4] ("[t]he appellate process in these reviews is not a trial and the provisions of the Civil Practice Act relating to trial procedures are not applicable"); *Hewes v. Cooler*[5] ("the Civil Practice Act has no application to judicial review of administrative agency decisions under [OCGA § 50-13-19]"). Compare *Akin v. Sanders*[6] (implying that the Civil Practice Act's three-day rule could apply in the traditional appellate practice context (not an administrative appeal) if a filing time is predicated on the service of a notice); *Favors v. Travelers Ins. Co.*[7] (applying the three-day rule to a proceeding under the workers' compensation statute (OCGA § 34-9-103) but limiting its application to the specific scenario where

---

[2] See OCGA § 1-3-1 (d) (3) (generally applicable statute excluding weekends and holidays from computation of time).

[3] *Miller v. Ga. Real Estate Comm.*, 136 Ga. App. 718, 719 (2) (222 SE2d 183) (1975).

[4] *Ga. Public Svc. Comm. v. Southern Bell*, 254 Ga. 244, 246 (327 SE2d 726) (1985).

[5] *Hewes v. Cooler*, 169 Ga. App. 762 (315 SE2d 276) (1984).

[6] *Akin v. Sanders*, 228 Ga. 251, 252 (184 SE2d 660) (1971).

[7] *Favors v. Travelers Ins. Co.*, 150 Ga. App. 741, 748 (2) (258 SE2d 554) (1979).

an agency improperly effected notice by regular mail instead of certified or registered mail as required by statute).[8]

Therefore, the three-day rule, which is purely a creature of the Civil Practice Act, does not apply to appeals of administrative decisions under OCGA § 50-13-19; in the absence of any authority to add days to the statutory filing deadline, we will not do so here. Cf. *Riddle-Bradley, Inc. v. Riddle*[9] ("[b]ecause the time for filing a petition for judicial appraisal is set by statute, the [Civil Practice Act] does not enable the court to grant extensions of time upon the consent of parties or otherwise").

2. Although Gladowski argued to the superior court that the clerk had received her petition (via certified mail) on January 12, 2005, she concedes that the clerk did not file her petition until she paid the appropriate filing fee, and her petition was not stamped filed until January 18, 2005, three days after the filing deadline.

Gladowski now contends that OCGA § 50-13-23, which provides that certified mail is deemed "filed with any agency" as of the postmark date, renders her petition timely. However, pretermitting whether OCGA § 50-13-23 could ever apply to a petition filed with a superior court (not an agency), the express language of OCGA § 49-4-153 (c) specifies that OCGA § 50-13-23 does not apply in the present context:

> Judicial review of the commissioner's decision may be obtained in the same manner and under the same standards as are applicable to those contested cases which are reviewable pursuant to Code Section 50-13-19; provided, however, that no other provision of Chapter 13 of Title 50 shall be applicable to the department with the exception of Code Sections 50-13-13 [hearing procedures] and 50-13-15 [rules of evidence].

OCGA § 49-4-153 (c). Therefore, Gladowski's petition was not filed within the statutory deadline. See *Dept. of Human Resources v. Lewis*[10] (construing OCGA § 50-13-19 (b)).

"When an appeal of an adverse decision by an administrative agency is filed beyond the time allowed by law the superior court has

---

[8] This precedent is in accord with the terms of the Civil Practice Act itself, which governs the procedure in "all actions of a civil nature" (OCGA § 9-11-1), with "civil action" being defined as "commenced by filing a complaint with the court" (OCGA § 9-11-3). OCGA § 50-13-19, by contrast, uses different terminology and provides a separate process for accessing a superior court's jurisdiction.

[9] *Riddle-Bradley, Inc. v. Riddle*, 217 Ga. App. 725, 726 (1) (459 SE2d 576) (1995).

[10] *Dept. of Human Resources v. Lewis*, 217 Ga. App. 399 (457 SE2d 824) (1995).

no jurisdiction to take any action other than to dismiss the case." *Miller*, supra, 136 Ga. App. at 718 (1). Accordingly, we discern no error.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 25, 2006.

*Victoria L. Collier*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Michelle Townes, Assistant Attorney General, Neal B. Childers*, for appellee.