A07A1874, A07A1880. ATMOS ENERGY CORPORATION v. GEORGIA PUBLIC SERVICE COMMISSION; and vice versa.
(659 SE2d 385)

BERNES, Judge.

Atmos Energy Corporation ("Atmos") filed a petition for judicial review in the Superior Court of Fulton County in which it challenged the administrative decision of the Georgia Public Service Commission ("PSC") authorizing certain rates Atmos could charge for gas

---

service. The PSC moved to dismiss the petition on the ground that it was procedurally defective under the Georgia Administrative Procedure Act ("APA"), OCGA § 50-13-19 (a) and (b). The superior court entered an order denying the motion to dismiss and affirming the decision of the PSC. In Case No. A07A1874, Atmos appeals, contending that the superior court erred in affirming the PSC's decision. In Case No. A07A1880, the PSC cross-appeals, contending that the superior court erred in denying its motion to dismiss.[1] For the reasons discussed below, we conclude that the superior court lacked jurisdiction to hear Atmos' petition for judicial review and therefore should have dismissed the petition.

The record reflects that Atmos is a natural gas distribution company that serves Gainesville and Columbus. As a natural gas company, Atmos is regulated by the PSC, and any increase in the rates Atmos charges its customers is subject to the PSC's approval. See OCGA §§ 46-2-20 (a); 46-2-25 (a). As such, before Atmos makes any change to the rates it charges customers, it must file notice of the proposed change with the PSC and the public at least 30 days before the proposed change is to take effect. See OCGA § 46-2-25 (a). The PSC is then authorized to suspend the application of the proposed change for up to five months during which time it can hold hearings on the proposal and then decide whether to approve the changed rates. See OCGA § 46-2-25 (b).

On May 20, 2005, Atmos commenced a utility rate-change proceeding before the PSC in which it sought to increase its rates and charges to customers beginning on June 20, 2005. Pursuant to OCGA § 46-2-25 (b), the PSC suspended application of the proposed increase for five months and then conducted a series of hearings on the matter. On November 21, 2005, the PSC entered a 12-page order that contained findings of fact and conclusions of law authorizing Atmos to increase its rates and charges in part, but also disagreeing with Atmos on several methodological and calculation issues. The order stated, at the bottom of each page, that it was a "Final Order." The order further provided, however, that "[a] more detailed Order explaining each item herein will follow."

On November 28, 2005, Atmos filed its petition for rehearing, reconsideration, and oral argument requesting that the PSC reconsider its November 21 order. See Rules of Georgia Public Service Commission, Ga. Comp. R. & Regs. r. 515-2-1-.08 (the "PSC Rules"). At its December 20, 2005 administrative session, the PSC conducted

---

[1] The Consumers' Utility Counsel Division of the Governor's Office of Consumer Affairs, which was granted permission to intervene in the superior court proceedings, has filed briefs in support of the PSC in these appeals.

a voice vote on the petition for rehearing. The PSC voted to amend and modify a portion of its November 21 order to correct a calculation related to depreciation.

On January 19, 2006, Atmos filed its petition for judicial review in the Superior Court of Fulton County pursuant to the APA, OCGA § 50-13-19 (a) and (b). In its petition, Atmos stated that it was petitioning for review from the PSC's November 21 order and the December 20 voice vote on the petition for rehearing.

On February 2, 2006, while Atmos' petition remained pending before the superior court, the PSC entered its "Order on Reconsideration and Final Order." The expanded 59-page order explained the PSC's rate-change ruling in much greater detail and corrected the calculation related to depreciation.

The PSC subsequently filed a motion to dismiss Atmos' petition for judicial review, contending that the petition was procedurally defective under the APA because the December 20 voice vote was not a reviewable decision. Atmos disagreed and further emphasized in its briefing and at oral argument before the superior court that it was not seeking to petition for review from the February 2 order, which Atmos argued was a mere nullity for various reasons. The superior court subsequently denied the PSC's motion to dismiss, holding that Atmos had "constructively petitioned for judicial review" from the February 2 order, and affirmed on the merits the PSC's decision concerning certain methodological and calculation issues made in the rate-change proceedings. These appeals followed.[2]

### Case No. A07A1880

1. The PSC argues that the superior court erred in denying its motion to dismiss Atmos' petition for judicial review as procedurally defective under the APA, OCGA § 50-13-19 (a) and (b). Judicial review of an administrative ruling by the PSC is controlled by the APA, OCGA § 50-13-1 et seq., and Chapter 2 of Title 46. Under the APA, a person who has exhausted all administrative remedies within the PSC and who is aggrieved by a final decision of the PSC in a contested case may petition for judicial review in the superior court, OCGA § 50-13-19 (a), provided that the petition is filed "within 30 days after the service of the final decision of the [PSC] or, if a rehearing is requested, within 30 days after the decision thereon." OCGA § 50-13-19 (b). If these procedural requirements are not met, the superior

---

[2] Direct appeals are permitted from a superior court's judgment affirming or denying administrative decisions of the PSC. See OCGA §§ 5-6-35 (a) (1); 50-13-20; *Atlanta Gas Light Co. v. Ga. Public Svc. Comm.*, 212 Ga. App. 575, 575-576 (442 SE2d 860) (1994).

court lacks jurisdiction over the matter and "may take no action other than to dismiss the case." *Dept. of Human Resources v. Lewis*, 217 Ga. App. 399, 399-400 (457 SE2d 824) (1995). Additionally, in analyzing and interpreting the procedural requirements imposed by the APA, we look to "cases involving appellate rather than trial procedure [for] applicable authority." *Campaign for a Prosperous Ga. v. Ga. Power Co.*, 174 Ga. App. 263, 265 (1) (329 SE2d 570) (1985). Guided by these principles, we turn to the instant appeal.

(a) *The November 21, 2005 order.* Atmos argues that the November 21 order was a final decision under the APA and that the 30-day filing deadline imposed by OCGA § 50-13-19 (b) was tolled because it filed a petition for rehearing, reconsideration, and oral argument before the PSC. We reject Atmos' argument because the November 21 order was not a final decision subject to judicial review.

As previously noted, in the text of its 12-page November 21 order, the PSC expressly stated that "[a] more detailed Order explaining each item herein will follow." The PSC further stated that "jurisdiction over this proceeding is expressly retained for the purpose of entering such further order or orders as [the PSC] may deem proper." Given this language, it is clear that the purpose of the order was to give Atmos notice of the PSC's thinking process and preliminary conclusions, and thereby afford Atmos an opportunity to influence and challenge that thinking process before final conclusions were reached. And, that is what Atmos did in this case by filing and pursuing its petition for rehearing. The PSC responded by issuing a 59-page final decision on February 2, 2006 that set forth the promised details, including revised depreciation calculations.

Under these circumstances, we conclude that the November 21 order was nothing more than an interim decision by the PSC. See *Carr v. Carr*, 238 Ga. 197 (232 SE2d 69) (1977) (holding that order was not final when it specifically reserved certain issues for later determination); *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (1) (287 SE2d 333) (1981) (noting that order is final when "there are no substantive issues remaining to be litigated in the case"). The labeling in the footer at the bottom of the pages that the decision was a "Final Order" does not change this conclusion. See *In re Estate of Sims*, 246 Ga. App. 451, 452 (540 SE2d 650) (2000) ("Although [an] order is denoted 'Final Order,' it is substance and not nomenclature which determines the nature and finality of the order.").

It is well established that "[f]inality is an unyielding prerequisite to judicial review under [the APA]." (Punctuation omitted.) *Dept. of Human Resources v. Williams*, 130 Ga. App. 149, 151 (1) (202 SE2d 504) (1973). Where, as here, an agency order is not a final decision but an interlocutory or interim one, the superior court lacks jurisdiction

to consider the petition for review of that order. *Majanovic v. Ga. Dept. of Human Resources*, 163 Ga. App. 450, 451-452 (294 SE2d 669) (1982).

(b) *The December 20, 2005 voice vote.* Atmos also contends that it was entitled to seek judicial review within 30 days of the PSC's December 20 voice vote on the petition for rehearing, since the vote allegedly was a final decision subject to judicial review pursuant to OCGA § 50-13-19. We disagree because the voice vote was not an effective "decision" that could be reviewed.

OCGA § 46-2-25 (d) provides that

> [a]ny action taken by the [PSC in a rate-change proceeding] shall be reduced to writing by the [PSC] and signed by the chairman and secretary thereof. All such actions and orders shall be effective from the date such actions are reduced to writing and are signed as provided by this subsection. No such action or order of the [PSC] may be given retroactive effect.

See also PSC Rule 515-2-1-.03 (1), (2) ("Any action taken by the [PSC] shall be reduced to writing by the [PSC] and signed by the Chairman and Executive Secretary thereof. . . . All such actions and orders shall be effective from the date such actions are reduced to writing and are signed as herein provided. No such action or order of the [PSC] may be given retroactive effect."). The December 20 voice vote did not comply with these provisions, and so it was not an effective "decision" by the PSC that was reviewable by the superior court under the APA. Cf. *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) (noting that "it is elementary that an oral order is not final nor appealable until and unless it is reduced to writing") (citation, punctuation and emphasis omitted).

Atmos nevertheless emphasizes that OCGA § 50-13-17 (b) of the APA provides that "[a] final decision or order adverse to a party, other than the agency, in a contested case shall be in writing or *stated in the record.*" (Emphasis supplied.) Based on this Code provision, Atmos contends that the December 20 voice vote was a reviewable decision under the APA because the vote was stated on the record at the PSC's administrative session. We are unpersuaded. Atmos simply ignores the more restrictive requirements discussed above that are imposed by OCGA § 46-2-25 (d), a Code provision specific to the PSC, the language of which prevails over any contrary language in the APA. See *Glinton v. And R, Inc.*, 271 Ga. 864, 867 (524 SE2d 481) (1999) ("Where statutes are in conflict, . . . specific statutes govern over more general statutes."). Furthermore, the APA expressly recognizes that OCGA § 46-2-25 supercedes contrary provisions of OCGA § 50-13-17:

> *Notwithstanding any other provisions of this law to the contrary*, the procedures prescribed by Code Section 46-2-25, relating to procedure for utility rate changes, shall be applicable to and available to any person, firm, or corporation subject to the jurisdiction of the [PSC]; and nothing contained herein shall be deemed to abrogate or limit, in any manner, such Code section as it pertains to any rate, charge, classification, or service which may constitute the basis of a contested case, proceeding, hearing, or matter before the [PSC].

(Emphasis supplied.) OCGA § 50-13-17 (c). Atmos' reliance on OCGA § 50-13-17 (b) thus is misplaced. It follows that Atmos could not rely upon the PSC's December 20 voice vote to confer jurisdiction on the superior court.

(c) *The February 2, 2006 order.* The superior court ruled that while Atmos filed its petition for judicial review prematurely based on the voice vote, Atmos had "constructively" amended its petition to seek review from the subsequently entered February 2 order, which was the final decision of the PSC in this case. We would agree with the superior court, but for Atmos' express disavowal of any intent to petition for review from that order.

Generally, in the appellate context, if a notice of appeal is filed prematurely before entry of judgment, the appellate court is not divested of jurisdiction to hear the matter; rather, the notice is treated as constructively amended upon the subsequent entry of the judgment while the case is pending on appeal. See *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975); *Murray v. Reese*, 210 Ga. App. 352, 353 (1) (436 SE2d 79) (1993); *Williams v. Lemon*, 194 Ga. App. 249 (1) (390 SE2d 89) (1990). Even if this rule can be applied by analogy to petitions for judicial review of administrative decisions filed in the superior court, it does not apply under the unique circumstances of the present case. Significantly, Atmos expressly disavowed in oral argument before the superior court that it was seeking to petition for review from the February 2 order, a position likewise taken in its briefing in the superior court and in its cross-appellee brief in this Court. Given this explicit disavowal, the superior court erred in ruling that Atmos constructively petitioned for review from the February 2 order.[3]

---

[3] Atmos argues that its due process rights were violated when the PSC entered the February 2 order after Atmos had already filed its petition for judicial review. In the superior court, Atmos made this argument in one conclusory sentence at the end of its brief opposing the PSC's motion to dismiss the petition for judicial review, and so the trial court never ruled upon

For these reasons, the superior court lacked jurisdiction to hear the petition for judicial review and should have dismissed the petition. See *Lewis*, 217 Ga. App. at 399-400. See also *Gladowski v. Dept. of Family &c. Svcs.*, 281 Ga. App. 299, 302-303 (2) (635 SE2d 886) (2006); *Miller v. Ga. Real Estate Comm.*, 136 Ga. App. 718 (1) (222 SE2d 183) (1975). Accordingly, we vacate the superior court's order denying the PSC's motion to dismiss and affirming the administrative decision of the PSC, and we remand with the instruction that the superior court dismiss Atmos' petition for judicial review for lack of jurisdiction. See *Blue Cross & Blue Shield of Ga. v. Deal*, 244 Ga. App. 700, 707 (3) (536 SE2d 590) (2000) (if the superior court lacked jurisdiction to review the agency decision, the superior court's order was null and void and must be vacated).

### Case No. A07A1874

2. Atmos contends that the superior court erred in affirming on the merits the PSC's decision in the utility rate-change proceeding. In light of our holding in Case No. A07A1880 that the superior court's order must be vacated for lack of jurisdiction, we need not address Atmos' contention. Consequently, Atmos' appeal in Case No. A07A1874 is dismissed as moot. See generally *SAKS Assoc. v. Southeast Culvert*, 282 Ga. App. 359, 366 (5) (638 SE2d 799) (2006).

*Judgment vacated and case remanded in Case No. A07A1880. Appeal dismissed in Case No. A07A1874. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 19, 2008 —
RECONSIDERATION DENIED MARCH 12, 2008 —

*Hulsey, Oliver & Mahar, Julius M. Hulsey*, for appellant.

---

the constitutional issue. Failure of the trial court to rule upon a constitutional issue waives its consideration on appeal. *John Hardy Group v. Cayo Largo Hotel Assoc.*, 286 Ga. App. 588, 589 (1) (649 SE2d 826) (2007). Thus, we decline to address Atmos' due process argument.

Atmos also argues that the February 2 order was void and a mere nullity. Presumably, Atmos makes this argument in an effort to demonstrate that it could not have petitioned for review from the February 2 order. However, the question of whether a judgment is ultimately declared void is separate and analytically distinct from the question of whether or not the judgment *can be appealed*. If Atmos believed that the February 2 order was void, it could have petitioned for review of that order in the superior court and sought to have it declared as such. See, e.g., *Thebaut v. Ga. Bd. of Dentistry*, 235 Ga. App. 194, 194-196 (1) (509 SE2d 125) (1998) (example of a petition for judicial review in which appellant argued that the agency decision under review was void).

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Sidney R. Barrett, Jr., Daniel S. Walsh, Assistant Attorneys General, Matthew J. Hardy, for appellee.*