A11A1444. SN INTERNATIONAL, INC. et al. v. SMART
PROPERTIES, INC. et al.

(715 SE2d 826)

ELLINGTON, Chief Judge.

Following a bench trial, the Superior Court of Gwinnett County issued a judgment in favor of Smart Properties, Inc., Mohammad Yaqoob and Nizar Omar (collectively, "Smart Properties") and against Sadruddin Karim and SN International, Inc. (collectively, "Karim") on Smart Properties' claims for breach of a promissory note and breach of a sublease.

On appeal, Karim contends that the trial court erred in finding that a valid contract existed between the parties, in allowing Smart Properties to collect on a promissory note that was executed as a result of its fraud, and in finding that Karim was liable to Smart Properties for past due rent. Karim also contends that the trial court abused its discretion in denying Karim's timely, post-trial motion for publication of findings of fact and conclusions of law, pursuant to OCGA § 9-11-52 (c). Because we conclude that, under the circumstances presented, the trial court's denial of Karim's OCGA § 9-11-52 (c) motion prevents this Court from conducting a thorough review of Karim's remaining allegations of error, we vacate the judgment and remand this case to the trial court for the entry of findings of fact and conclusions of law.

1. Under OCGA § 9-11-52 (c), in any nonjury trial in a court of record, a party may file a motion within 20 days after entry of the court's judgment asking the trial court to amend or supplement its judgment with specific findings of fact and conclusions of law.[1] Although a similar motion filed *before* the court enters its judgment

---

[1] See *Gen. Teamsters Local Union No. 528 v. Allied Foods*, 228 Ga. 479, 480 (1) (186 SE2d 527) (1971) (noting that the purposes of having the trial court affirmatively state its findings of fact and conclusions of law under OCGA § 9-11-52 include the following: to serve as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and to serve as an aid to the appellate court on review).

generally requires the court's compliance,[2] the court's entry of findings of fact and conclusions of law is permissive, not mandatory, when the motion is filed *after* the judgment is entered. "We will interfere with the trial court's decision on whether to make such findings only if such decision demonstrates an abuse of its discretion." (Citations omitted.) *Sevostiyanova v. Tempest Recovery Svcs.*, 307 Ga. App. 868, 875 (5) (705 SE2d 878) (2011). As explained below, this is one of the rare cases in which we find that the trial court abused its discretion in refusing to issue findings of fact and conclusions of law.

The record shows that the first legal conflict between the appellants, the appellees, and third parties was initiated in 2004. Between 2004 and 2009, the litigation expanded to involve a series of purchase and sale contracts for real property and a business, supply contracts, contract amendments, contract assignments, guarantees, leases, subleases, and collateral agreements (including a business management agreement and at least two "memorand[a] of understanding"). Collectively, the parties filed numerous complaints, amended complaints, crossclaims, and counterclaims, each asserting that one or more of the other parties breached one or more of the above-referenced agreements. Along the way, some of the parties and complaints were dismissed and the cases were consolidated. Ultimately, in November 2005, the trial court incorporated the various pleadings into a single case and changed the style of the case to designate the appellees herein, Smart Properties, Inc., Yaqoob and Omar (collectively, "Smart Properties") as the plaintiffs and the appellants, Karim and SN International, Inc. (collectively, "Karim") as the defendants.

In an amended complaint, Smart Properties asserted claims against Karim for an alleged breach of a $60,000 promissory note for the purchase of a business and for breach of a sublease, and it sought an award of the remaining amount due on the note, past due rent, interest, late fees and penalties, and attorney fees. Karim answered and asserted counterclaims for fraudulent inducement, unjust enrichment, punitive damages, pre-judgment interest, and attorney fees. Thus, given the parties' competing claims, the trial court was faced with the task of construing numerous contracts, resolving heavily disputed factual issues and conflicting contract provisions, and determining, inter alia, whether Smart Properties should be allowed to collect on a promissory note executed by Karim for the purchase of a business when Smart Properties had no legal interest in the business

---

[2] See OCGA § 9-11-52 (a); see also OCGA § 9-11-52 (b) (exceptions to the mandatory provisions of subsection (a)).

to convey to Karim; whether a lease between Smart Properties and a third party was valid; whether a sublease for the same property between Smart Properties and Karim was valid; whether a provision in the sublease that made Karim liable for Smart Properties' rental payments to the third party under its lease was valid and enforceable; and whether, absent either a valid lease and/or sublease, Karim was obligated to pay rent to Smart Properties as a tenant at will, when Smart Properties had no ownership interest in the property.

The trial transcript shows that, at the beginning of the bench trial, after apparently recognizing the sheer number of disputed issues, the volume of documents at issue, and the complex and confusing factual and procedural history of the litigation, the judge noted that the case had been transferred to him from another judge and referred to the case as a "mess" that he had to clean up. Later, after all of the evidence had been presented, Smart Properties' counsel asked the judge if, given the number of documents at issue, the parties could submit post-trial briefs in addition to presenting closing arguments. The judge agreed, stating "there's a lot of stuff I've got to dig through . . . to see what the situation was at any one time; did a subsequent agreement change the parties' position on all that[?] . . . And, frankly, I could use [your] help by way of a brief outline of that kind of thing." The judge also asked the parties to include in their post-trial briefs "exactly what you're looking for financially." Over the next few weeks, the parties not only filed such briefs, but they both *also* filed responsive briefs. In its post-trial brief, Smart Properties outlined multiple, alternative legal theories in support of its claims, thus providing the judge with many different options for reaching a judgment in its favor.[3]

On September 22, 2010, the trial court issued a judgment in favor of Smart Properties in the amount of $85,496.71 on its claim for breach of the promissory note and for $113,695.59 on its claim for breach of the sublease. The judgment order did not include any findings of fact or conclusions of law or any other explanation of how the court arrived at the amounts it awarded. Seven days later, Karim filed a motion for publication of findings of fact and conclusions of law, pursuant to OCGA § 9-11-52 (c). In its order denying the motion, the trial court stated as follows: "Defendant[s] [having filed] the above Motion [for the publication of findings of fact and conclusions of law] after the entry of the Final Judgment in this matter, IT IS

---

[3] For example, Smart Properties argued that, if the court found that its lease with the third party was valid, then it should also find that its sublease to Karim was valid; in the alternative, if the court found that both the lease and the sublease were invalid, then the court could find that Karim was still liable for rent as a tenant at will.

ORDERED that said Motion is DENIED."[4]

Under the circumstances presented in this case, we conclude that the trial court's denial of Karim's OCGA § 9-11-52 (c) motion was improper. As shown above, the material facts are complex and disputed; the voluminous record includes at least 44 exhibits, as well as numerous invoices, letters and written notices between the parties and others; and the amount of the award (totaling over $200,000) is significant. Moreover, the parties presented numerous, and sometimes alternative, bases for a ruling in their favor, yet the judge did not give any indication as to how he would rule — or on what basis — during the bench trial. In fact, as shown above, the judge indicated that he was not even close to reaching a decision at that time. Consequently, without specific findings of fact and conclusions of law to explain the trial court's judgment, this Court is unable to determine how or why the trial court reached its decision, making appellate review virtually impossible.[5] Accordingly, we find that the trial court abused its discretion in denying Karim's OCGA § 9-11-52 (c) motion. See *Gold Kist v. Wilson*, 220 Ga. App. 426, 428 (1) (469 SE2d 504) (1996) ("In a case of this magnitude and complexity involving so many plaintiffs and claims, we find that it was an abuse of discretion for the trial court to fail to issue findings of fact and conclusions of law. By omitting these crucial ingredients in the judgment, appellate review has been rendered impossible.") (citation omitted).[6]

In so ruling, however, we must reiterate this Court's admonition in *Gold Kist*: our decision to remand the instant case for the issuance of findings of fact and conclusions of law by the trial court "is not [to] be read as a general rule allowing a party to dispense with the requirement that it formally request findings and conclusions pursuant to OCGA § 9-11-52 (a) or [as] holding that a party will always

---

[4] Given the wording of the order, it is unclear whether the trial court denied the motion after exercising its discretion pursuant to OCGA § 9-11-52 (c), or whether the court denied the motion based upon an erroneous conclusion that it was untimely. Regardless, the outcome of this appeal remains the same.

[5] Notably, in its appellate brief, Smart Properties acknowledges that appellate consideration of Karim's enumerated errors will require this Court to review specific factual determinations made by the trial court.

[6] See also *Zumpano Enterprises v. Ga. Tile Distrib.*, 200 Ga. App. 563, 564 (408 SE2d 813) (1991) (vacating the judgment and remanding the case after finding that the judgment entered by the trial court was deficient in that it failed to address the plaintiff's unjust enrichment claim and contained insufficient findings of fact with respect to the open account claim to permit its ruling on that count of the complaint to be reviewed on appeal); cf. *Sevostiyanova v. Tempest Recovery Svcs.*, 307 Ga. App. at 875 (5) ("Because the issues presented in the court below [were] clearly reflected in the record, the only witness to testify at trial was Sevostiyanova, and . . . the resolution of the issues depend[ed] on the law as applied to the undisputed facts," the trial court did not abuse its discretion in denying Sevostiyanova's OCGA § 9-11-52 (c) motion.).

be rescued from its failure to make such a request on the record'' prior to the entry of the trial court's ruling. *Gold Kist v. Wilson*, 220 Ga. App. at 428 (1).

2. Because our decision with respect to Karim's remaining enumerations of error will depend, at least in part, on the findings of fact and conclusions of law issued upon remand, we will not address them herein.

*Judgment vacated and case remanded with direction. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 16, 2011.

*Sabrina Hassanali*, for appellants.
*Meriwether & Tharp, Robert L. Tharp*, for appellees.