**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A1426. GEORGIA INTERFAITH POWER & LIGHT et al. v. GEORGIA POWER COMPANY.

RICKMAN, Judge.

Following the Georgia Public Service Commission's ("the PSC") order regarding the 17th Georgia Power Company's Plant Vogtle construction monitoring report ("VCM"), Georgia Interfaith Power and Light, Inc., Partnership for Southern Equity, Inc., and Georgia Watch filed petitions for judicial review of a final decision by the PSC, which were consolidated. The superior court granted Georgia Power Company's motion to intervene and subsequently, Georgia Power filed a motion to dismiss the petitions for lack of jurisdiction.

The superior court granted Georgia Power's motion to dismiss, finding that the PSC's 17th VCM order was not appealable. The appellants contend that the superior

court erred by granting Georgia Power's motion to dismiss.[1] For the following reasons, we affirm in part and vacate and remand in part with direction.

We apply a de novo standard of review to the superior court's grant of a motion to dismiss. See *Alcatraz Media v. Yahoo*, 290 Ga. App. 882, 882 (660 SE2d 797) (2008). The record shows that in 2009, the PSC approved Georgia Power's construction of two new Units, Units 3 and 4, at the already existing Plant Vogtle site. The order approving Units 3 and 4 required Georgia Power to file semi-annual monitoring reports with the PSC, and the PSC has conducted multiple VCM proceedings to consider these reports.

In March 2017, the lead contractor for Units 3 and 4 declared bankruptcy. Approximately five months later, Georgia Power filed a 17th semi-annual construction monitoring report. In the filing, Georgia Power requested, inter alia,: that "the [PSC] approves the new cost and schedule forecast and find[] that it is a reasonable basis for going forward;" that Georgia Power will "retain[] the burden of

---

[1] The appellants also enumerate as error that the trial court erred by "effectively denying" their request for discovery. This enumerated error, however, is not supported in the appellants' brief with citation of authority or argument, and thus, we deem it abandoned. See *Parekh v. Wimpy*, 288 Ga. App. 125, 126 (1) (653 SE2d 352) (2007) ("any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned") (citation and punctuation omitted); Court of Appeals Rule 25 (c) (2).

proving all capital costs above $5.68 billion were prudent"; "[t]hat while [the] [PSC] will make no prudence findings in the . . . VCM 17 proceeding . . . the [PSC] recognizes that the certified amount is not a cap, and all costs that are approved and presumed or shown to be prudently incurred will be recoverable by Georgia Power"; and "[t]hat as conditions change and assumptions are either proven or disproven, [Georgia Power and the other Plant Vogtle owners] and the [PSC] may reconsider the decision to go forward."

Subsequently, the PSC issued a procedural and scheduling order to govern the 17th VCM proceeding. The scheduling order outlined two issues to be addressed in the 17th VCM proceeding: (1) "Whether the [PSC] should verify and approve or disapprove the expenditures as made pursuant to [the order approving Units 3 and 4] issued by the [PSC]."; (2) "Whether the [PSC] should approve, disapprove, or modify [Georgia Power's] proposed revisions in the cost estimates, construction schedule, or project configuration and whether the proposed costs are reasonable."

Following a multiple day hearing on the 17th VCM, the PSC issued an order finding "that the $542 million invested by Georgia Power within the 17th VCM . . . reporting period were reasonable and necessary, and are hereby verified and approved." The PSC included a caveat that "[t]he [PSC] is only confirming the

expenditures made in association with the Vogtle Project during this reporting period and it does not preclude the [PSC] from subsequently excluding those expenditures from rate base upon a finding of fraud, concealment, failure to disclose a material fact, imprudence, or criminal misconduct." The PSC further found that it was appropriate to continue with the construction of Units 3 and 4, that Georgia Power's revised schedule and cost forecast was reasonable, and that the revised project management structure was approved.

Additionally, the PSC cautioned that it

[found] as a matter of fact and conclude[d] as a matter of law that no directives or findings in any part of this Order suggest that there is a cost cap or that the [PSC] has approved or disapproved the recovery of any costs from customers. All decisions regarding cost recovery from customers will be made later in a manner consistent with Georgia law and the Stipulation approved by the [PSC] on January 3, 2017 and this decision.[2] The [PSC] further finds that any costs spent up to the revised cost forecast will be deemed reasonable, but will be subject to the findings and presumptions as defined in the Stipulation approved on January 3, 2017. This includes th[at] [Georgia Power] retain[s] the burden of proof on prudency on all capital costs above $5.680 billion.

---

[2] As part of the January 3, 2017 stipulation order, capital costs incurred up to $5.68 billion are presumed to be reasonable and prudent. The burden of proof rests on the party challenging any such costs. Georgia Power bears the burden to show that capital costs above $5.68 billion are reasonable and prudent.

The order explained that, "[t]he [PSC] finds that it will continue to conduct semi-annual VCM reviews and, as appropriate, verify and approve all expenditures on a semi-annual basis regardless of whether they exceed the original certified amount." Further, "[d]uring these VCM reviews, the [PSC] will not determine prudence, nor will it assure cost recovery to [Georgia Power]. All [PSC] decisions regarding cost recovery will be made after a prudence review at the end of construction of Units 3 and 4."

Following the PSC's 17th VCM order, the appellants filed petitions for judicial review, which were consolidated. Georgia Power intervened in the action and filed a motion to dismiss the petitions for lack of jurisdiction. The superior court granted Georgia Power's motion to dismiss, finding both that the 17th VCM order was not a final order under OCGA § 50-13-19 (a) and that the exception in that provision, which provides that "[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy," did not apply to this case. This appeal follows.

1. The appellants contend that "[t]he trial court erred by granting Georgia Power's motion to dismiss the case, concluding that it lacked jurisdiction based on its finding that the 17th VCM Order was not final." We disagree.

5

Judicial review of an administrative ruling by the PSC is governed by the Georgia Administrative Procedure Act ("APA"), OCGA § 50-13-1 et seq. Pursuant to OCGA § 50-13-19 (a),

> Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This Code section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

"It is well established that finality is an unyielding prerequisite to judicial review under the APA." (Citation and punctuation omitted.) *Atmos Energy Corp. v. Georgia Public Svc. Comm.*, 290 Ga. App. 243, 246 (1) (a) (659 SE2d 385) (2008). An order is deemed to be final when "there are no substantive issues remaining to be litigated in the case." *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (1) (287 SE2d 333) (1981) (physical precedent only); see *Carr v. Carr*, 238 Ga. 197, 197 (232 SE2d 69) (1977) ("an order which leaves other issues for decision in the trial court . . . is an interlocutory, not a final, order"). Where "an agency order is not a final decision but an interlocutory or interim one, the superior court lacks jurisdiction to consider the

6

petition for review of that order." *Atmos Energy Corp.*, 290 Ga. App. at 246–47 (1) (a).

In *Atmos Energy Corp.*, this Court held that an order from the PSC designated as a "Final Order" was not a final decision under the APA where the order stated that a more detailed order was forthcoming and where the PSC expressly retained jurisdiction over the matter for the purpose of entering such further order or orders deemed proper by the PSC. *Atmos Energy Corp.,* 290 Ga. App. at 246-247 (1) (a). Subsequently, a final decision with the promised detailed order was issued. Id. Accordingly, this Court held that the superior court lacked jurisdiction to consider a petition to review the prior order, which was merely an interlocutory or interim decision. Id.

Here, the 17th VCM order was the result of a semi-annual review process. The order stated "that jurisdiction over these matters is expressly retained for the purpose of entering such further Order or Orders as this PSC may deem just and proper." Additionally, throughout the order, the PSC repeatedly emphasized that it would continue to conduct semi-annual reviews and during those reviews "the [PSC] will not determine prudence, nor will it assure cost recovery to [Georgia Power]." Furthermore, the order stated "that no directives or findings in any part of this Order

7

suggest that there is a cost cap or that the [PSC] has approved or disapproved the recovery of any costs from customers." Notably, the order explains that "[a]ll [PSC] decisions regarding cost recovery will be made after a prudence review at the end of constructions of Units 3 and 4."

Under these circumstances, where the PSC left so many issues to be resolved at a later date and retained jurisdiction to enter further orders in this matter, we must conclude that the 17th VCM order was not a final decision by the PSC; Thus, the superior court properly held that it lacked jurisdiction to review the order under that portion of OCGA § 5-13-19 (a) providing for judicial review of a final decision. See *Atmos Energy Corp*., 290 Ga. App. at 246-247 (1) (a); see generally *Majanovic v. Ga. Dept. of Human Resources*, 163 Ga. App. 450, 451 (294 SE2d 669) (1982).

2. Alternatively, the appellants contend that the 17th VCM order was subject to judicial review under OCGA § 50-13-19 (a) because waiting to review the PSC's final decision would not provide an adequate remedy and would result in irreparable harm. Specifically, the appellants allege several procedural irregularities, including the failure to conduct an amended certification proceeding in this unique situation, the PSC's advance determination that the additional costs were reasonable, the PSC's violation of its ex parte rule, and the PSC's decision to allow Unit 3 costs to be

charged to customers before the project was fully completed, and argue that postponing judicial review of these alleged procedural violations would eliminate the opportunity for meaningful review. Appellants' chief concern is the legal burden on Georgia Power in future proceedings – they allege that the 17th VCM order "allowed Georgia Power to carry its burden of proof as to the reasonableness of billions of dollars in excess costs," thereby significantly impacting the future prudency review. Appellants assert that the allegations they have outlined "underscore the absence of an adequate remedy."

The superior court's order granting Georgia Power's motion to dismiss disposed of the appellants' adequate remedy argument in a footnote. The order states that under OCGA § 50-13-19 (a), "[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy. However, the [c]ourt finds that this exception does not apply to the present case."

It was the superior court's duty to determine whether it had jurisdiction to review the 17th VCM Order. See OCGA § 50-13-19. It is unclear from the superior court's footnote whether the court determined that this was the type of case where the lack of adequate remedy exception would never be applicable or whether the superior

9

court, after reviewing the entire record and considering all of the parties' arguments, determined that the appellants had not shown that review of the PSC's final decision would not provide an adequate remedy. Further clarification of the superior court's order is necessary for this Court to perform a meaningful appellate review.

This Court is a court of review for the correction of errors. See *Cherokee Funding LLC v. Ruth*, 342 Ga. App. 404, 406 (1) fn.10 (802 SE2d 865) (2017). While findings of fact and conclusions of law are not required under OCGA § 50-13-19, under the facts and circumstances of this complex case, "without specific findings of fact and conclusions of law to explain the [superior] court's judgment, this Court is unable to determine how or why the [superior] court reached its decision, making appellate review virtually impossible." (Footnote omitted*.) SN Intl. v. Smart Properties,* 311 Ga. App. 434, 437 (1) (715 SE2d 826) (2011). "Simply put, it is not enough for a [superior] court to determine the end result based on its own notion of what is reasonable, leaving factual and legal decisions to the appellate courts in the first instance." *Wallace v. Wallace*, 301 Ga. 195, 200 (II) (800 SE2d 303) (2017).

Accordingly, we remand this case with direction for the superior court to analyze whether the appellants met their burden to show that review of the PSC's final order would not provide them an adequate remedy, thereby authorizing the

superior court to review the 17th VCM Order. See generally *Wilken Investments, LLC v. Plamondon, III*, 310 Ga. App. 146, 149 (712 SE2d 576) (2011) (remanding a case to the superior court on a motion to dismiss for the court to clarify its order).

*Judgment affirmed in part, vacated in part; case remanded with direction. Miller, P. J., and Reese, J., concur.*